**James O. SCOTT, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 64376.

Missouri Court of Appeals,
Western District.

Jan. 3, 2006.

James O. Scott, Jr., Columbia, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., LOWENSTEIN and HOWARD, JJ.

HAROLD L. LOWENSTEIN, Judge.

James Scott, Jr. (Appellant) entered a guilty plea to felony driving while intoxicated. Appellant's three-year sentence was suspended, and Appellant was placed on probation for a term of five years. When Appellant's probation was later revoked, Appellant was delivered to the Department of Corrections (DOC) on October 16, 2003. Appellant filed a series of rather confusing post-conviction motions, and he now appeals *pro se* from the motion court's "judgments" denying him any relief. This court does not reach the merits of Appellant's appeal because the docket entries from which Appellant bases his appeal are not final judgments under the strict requirements of Rule 74.01(a).

## PROCEDURAL FACTS

After Appellant was delivered to the DOC, Appellant filed a timely Rule 24.035 motion on February 18, 2004. Counsel was later appointed to represent Appellant, and filed a statement in lieu of amended motion on May 26, 2004. On June 7, 2004, Appellant filed a motion to voluntarily dismiss the post-conviction proceeding. In connection with this motion to dismiss, Appellant executed a waiver of post-conviction action. The motion court dismissed the post-conviction proceeding with prejudice in an order dated June 9, 2004. It does not appear from Appellant's brief that he appeals the motion court's dismissal of his original Rule 24.035 motion.

The next day, Appellant filed a series of motions, which include an amended Rule 24.035 motion, a motion to withdraw waiver, and a motion to withdraw counsel (collectively referred to "amended Rule 24.035 motions"). The motion court overruled these motions in a docket entry dated June 14, 2004, citing the court's June 4, 2004 order to dismiss with prejudice and that the amended Rule 24.035 motion was filed more than 180 days after Appellant's delivery to custody.

On June 29, 2004, Appellant filed a motion to vacate the judgment under Rule 75.01 and a motion for relief from the judgment under Rule 74.06, contending that his plea was not voluntary or knowing. The motion court overruled the 74.06 motion in a docket entry dated July 7, 2004. Therefore, in all, Appellant appeals the motion court's denial of his motions filed under Rules 24.035, 75.01, and 74.06.

An appellate court is obliged to examine its jurisdiction *sua sponte*. *Smith v. State*, 63 S.W.3d 218, 219 (Mo. banc 2001). A prerequisite to appellate review is that there be a final judgment. *Id.* at 220.

Rule 74.01(a) provides, in relevant part:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing *signed by a judge* and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these re-

quirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document .... (emphasis added).

In short, a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed in order to be final.

▆▆▆ Here, Appellant appeals three "judgments." The docket entries overruling Appellant's amended Rule 24.035 motions and Rule 74.06 motions provide the trial judge's initials in *typewritten* form, and, significantly, not in the form of the trial judge's handwriting. While handwritten initials satisfy the signature requirement, typewritten initials are insufficient. *Grissum v. Soldi,* 87 S.W.3d 915, 917 (Mo. App.2002). Therefore, because the docket entry is not signed by the motion judge, and Missouri law requires this court to strictly enforce the requirements of Rule 74.01(a), these docket entries are not final judgments. This court lacks appellate jurisdiction and must dismiss the appeal with respect to the amended Rule 24.035 motions and Rule 74.06 motions.

▆▆ Finally, this court is also without jurisdiction to hear Appellant's appeal of the trial court's denial of his Rule 75.01 motion to vacate or reopen the judgment. This court is prohibited from hearing denials of 75.01 motions.[1] *Ensco Distrib. Corp. v. Oppenheimer Precision Prods., Inc.,* 723 S.W.2d 616, 617 (Mo.App.1987).

All concur.

---

1. Unlike the docket entries overruling Appellant's amended Rule 24.035 motion and Rule 74.06 motion, nothing in the record indicates that the motion court addressed Appellant's Rule 75.01 motion.