**Gregory A. BELGER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 86533.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 3, 2006.

Gregory A. Belger, Bonne Terre, MO, pro se.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

Gregory A. Belger ("Movant") appeals from the denial of his "Petition to Reinstate Original Motion Under Rule 29.15" ("Motion"). We dismiss this appeal for

1. All pending motions filed by Claimant are    denied.

lack of subject matter jurisdiction as Movant does not appeal from a final judgment.

### Procedural History

On February 10, 1995, Movant was convicted of three counts of robbery in the first degree, two counts of armed criminal action, three counts of felony stealing, and one count of fraudulent use of a credit device, for acts arising out of a series of thefts and robberies over a six day period. *State v. Belger*, 956 S.W.2d 432 (Mo.App. E.D.1997). The trial court sentenced Movant as a prior offender to life imprisonment on Counts I and III, robbery in the first degree; life imprisonment on Counts II and IV, armed criminal action; seven years imprisonment on Count V, stealing over $150.00; seven years imprisonment on Count VI, stealing from a person; seven years imprisonment on Count VII, stealing a motor vehicle; one year imprisonment on Count VIII, fraudulent use of a credit card; and life imprisonment on Count IX, robbery in the first degree. *Id.* at 433. The trial court ordered the life sentences imposed on Counts I through IV to be served concurrently with each other and consecutively to the sentences imposed on Counts V through IX which sentences were to be served concurrently with each other. *Id.* The sentences for the robbery and stealing charges were to run concurrent with the sentences of the remaining charges. *Id.* Movant filed a *pro se* Rule 29.15 post-conviction motion on November 6, 1995. Post-conviction counsel filed an amended motion on January 8, 1996. The motion court granted Movant an evidentiary hearing on his Rule 29.15 post-conviction motion, which was ultimately denied. We affirmed Movant's convictions and the denial of his Rule 29.15 post-conviction relief motion after an evidentiary hearing, in *Belger*, 956 S.W.2d at 432.

Movant filed this *pro se* Motion in the motion court on May 11, 2005. In his Motion, Movant alleges that the motion court did not address Movant's claims in his Rule 29.15 post-conviction motion and that his post-conviction relief counsel had a conflict of interest with his case. The motion court denied the Motion in a docket entry on May 26, 2005. Specifically, the typewritten docket entry reads: "Order of Court Petition to Reinstate Original Motion Under Rule 29.15 is Denied Filed. Judge Joan M. Burger, Div 13." The State argues that this Court does not have jurisdiction because Movant does not appeal from a final and appealable judgment. We agree.

### Analysis

The motion court denied Movant's Motion as reflected in the docket sheets on May 26, 2005. A prerequisite to appellate review is that there is a final judgment. *Scott v. State*, 180 S.W.3d 519, 520 (Mo.App. W.D.2006). Missouri law requires this Court to strictly enforce the requirements of Rule 74.01(a). *Id.* at 521. Rule 74.01(a) requires a judgment to be in writing, signed by the judge, denominated "judgment", and filed in order to be final. *See* Rule 74.01(a). Here, the docket entry denying Movant's Motion does not contain any of these requirements. This is simply an appeal from the denial of a motion, rather than from a judgment. Accordingly, this Court does not have jurisdiction to hear this appeal.

### Conclusion

This appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, P.J., and NANNETTE A. BAKER, J., Concur.