**Kenyatta WILLIAMS,**
**Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 87182.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 12, 2006.

**308**

Kenyatta Williams, Charleston, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jayne T. Woods, Asst. Atty Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Kenyatta Williams, appeals the denial of his motion to reopen post-conviction relief proceedings in the Circuit Court of the City of St. Louis. We do not reach the merits of the movant's claims. Rather, we dismiss the appeal for lack of subject-matter jurisdiction because the movant does not appeal from a final judgment.

*Factual and Procedural Background*

In 1993, following a jury trial, the movant was convicted in the Circuit Court of the City of St. Louis of assault of a law enforcement officer in the first degree, armed criminal action, and unlawful use of a weapon. The movant was sentenced to consecutive terms of thirty years' imprisonment for assault and armed criminal action; he was also sentenced to a concurrent term of five years' imprisonment for unlawful use of a weapon. The movant filed a direct appeal of the judgment entered upon his conviction. The movant then filed a Rule 29.15 motion for post-conviction relief, which the circuit court denied following an evidentiary hearing. The movant appealed the denial of his motion for post-conviction relief, and this appeal was consolidated with the movant's direct appeal. This Court affirmed both the judgment entered upon the movant's conviction and the judgment denying his motion for post-conviction relief. *State v. Williams,* 920 S.W.2d 128 (Mo.App. E.D. 1996).

In 2005, the movant filed a *pro se* motion to reopen his post-conviction relief proceedings. The circuit court denied the motion in a letter to the movant dated October 6, 2005. The letter was not denominated a "judgment;" further, it was not filed; and finally, the court minutes do not reflect the filing of any judgment in

response to the motion to reopen. The movant now appeals.

*Analysis*

A final judgment is a prerequisite to appellate review. *Belger v. State,* 202 S.W.3d 96, 96 (Mo.App. E.D.2006). A judgment must be in writing, signed by the judge, denominated a "judgment" or "decree," and filed. Rule 74.01(a); *see also Belger,* 202 S.W.3d at 96. Missouri law requires strict application of the Rule 74.01(a) requirements. *Id.* Here, the letter denying the motion to reopen is in writing and is signed by the judge. However, it is not denominated a "judgment." Furthermore, according to the court minutes, the letter was not filed. Finally, there is no docket entry indicating the filing of any judgment in this case. Therefore, the movant does not appeal from a final judgment, and this Court does not have jurisdiction to consider the appeal. We dismiss the appeal for lack of jurisdiction.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.