**Melvin Leroy TYLER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 88249.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 17, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 7, 2007.

Application for Transfer Denied
Aug. 21, 2007.

Melvin Leroy Tyler, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., and NANNETTE A. BAKER, J.

PER CURIAM.

Melvin Leroy Tyler (Movant) appeals from the denial of his *pro se* Motion to Reinstate Postconviction Petition (Motion). We dismiss the appeal for lack of jurisdiction as Movant does not appeal from a final judgment.

*Procedural History*

Because of the procedural posture of this case, we need not engage in a detailed recitation of the facts from the underlying case, but we include a brief recount of the procedural facts relevant to the disposition of this case.

In 1978, a jury convicted Movant of: two counts of first-degree robbery, in violation of Section 560.120 RSMo 1969 and Section 560.135 RSMo 1975 Supp.; two counts of assault with intent to commit rape without malice aforethought, in violation of Section 559.190 RSMo 1969; and one count of armed criminal action, in violation of Section 559.225 RSMo 1976 Supp. The trial court sentenced Movant to consecutive terms of fifty years for each of the robbery counts and the armed criminal action count and five years for each of the assault counts. In *State v. Tyler*, 622 S.W.2d 379 (Mo.App. E.D.1981), this Court reversed Movant's conviction for armed criminal action but affirmed his convictions and sentences as to all of the other counts.

In 1987, Movant filed his *pro se* motion for post-conviction relief (PCR motion), pursuant to Rule 27.26, the predecessor of Rule 29.15. Between 1987 and June 1996, Movant filed several amendments to his PCR motion and requested an evidentiary

hearing. In 1998, the motion court issued its Conclusions of Law, Order and Judgment denying Movant's PCR motion, including all of the amendments and the request for an evidentiary hearing, and this Court affirmed the denial in *Tyler v. State*, 18 S.W.3d 117 (Mo.App. E.D.2000).

In 2001, Movant filed his *pro se* motion for post-conviction DNA testing (DNA motion), pursuant to Section 547.035 RSMo Cum.Supp.2001. The motion court subsequently denied Movant's DNA motion without issuing a show-cause order to the prosecutor or an evidentiary hearing, and this Court affirmed the denial in *State v. Tyler*, 103 S.W.3d 245 (Mo.App. E.D.2003).

In 2002, Movant filed his Motion to Vacate Judgment, Reinstate the Case and Appoint Counsel to Amend Motion for Hearing (Motion for Reinstatement), pursuant to Rule 27.26, the predecessor of Rule 29.15. The motion court denied the motion, and this Court affirmed the denial in *Tyler v. State*, 111 S.W.3d 495 (Mo.App. E.D.2003).

■ In January 2004, Movant filed his current Motion, which alleged abandonment by counsel and requested the reopening of his case. The motion court subsequently issued a signed order denying the Motion and recorded the order denying the Motion in a docket entry. Neither the order nor the docket entry was denominated a "judgment." This appeal follows.

## Discussion

■ Before we can engage in reviewing a claim on appeal, we must determine, *sua sponte*, whether we have jurisdiction over the appeal. *Belger v. State*, 202 S.W.3d 96, 97 (Mo.App. E.D.2006); *Scott v. State*, 180 S.W.3d 519, 521 (Mo.App. W.D. 2006). A prerequisite to appellate review is that the appellant must be appealing from a final judgment. *Belger*, 202 S.W.3d at 97; *Scott*, 180 S.W.3d at 520. Under Missouri law, this Court must strictly enforce the requirements of Rule 74.01(a) concerning judgments. *Belger*, 202 S.W.3d at 97. Rule 74.01(a) provides, in pertinent part:

'Judgment' ... includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

In other words, a judgment must be: 1) in writing; 2) signed by the judge; 3) denominated "judgment;" and 4) filed. *Scott*, 180 S.W.3d at 521.

Here, neither the order nor the docket entry recording the denial of Movant's Motion satisfies all of the requirements of Rule 74.01(a); thus, there exists no final, appealable judgment in this case. Specifically, the motion court's order is denominated "ORDER," not "JUDGMENT." Furthermore, the docket entry does not refer to the order as anything but an order denying Movant's Motion, and there is no mention of a separate document in which the motion court entered judgment. Movant's appeal is simply an attempt to appeal from the denial of a motion rather than from a judgment. *See Belger*, 202 S.W.3d at 97. Accordingly, we do not have jurisdiction over this appeal.

## Conclusion

The appeal is dismissed for lack of jurisdiction.