**Melvin Leroy TYLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 91503.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 12, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 2009.

Application for Transfer Denied
Oct. 1, 2009.

Melvin Leroy Tyler, Jefferson City, MO, pro se.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

### ORDER

PER CURIAM.

Melvin Leroy Tyler (Appellant) appeals from the dismissal of his motion to reinstate his post-conviction petition in the Circuit Court of the City of St. Louis. Appellant sought to vacate his convictions of two counts of first-degree robbery, in violation of Section 560.120, RSMo 1969, and Section 560.135, RSMo Supp.1975, two counts of assault with intent to ravish, in violation of Section 559.109, RSMo 1969, and one count of armed criminal action, in violation of Section 559.225, RSMo Supp. 1976, for which he was sentenced to con-

secutive terms of fifty years for each of the robbery counts and the armed criminal action count, and five years for each of the assault counts. *State v. Tyler,* 622 S.W.2d 379 (Mo.App. E.D.1981). Appellant's convictions and sentences, with the exception of the armed criminal action count, were affirmed on appeal. *Id.*

Additionally, Appellant's pro se motion for post-conviction relief and request for evidentiary hearing, filed under former Missouri Supreme Court Rule 27.26, was denied on June 23, 1998, and was affirmed by this Court on April 18, 2000. *Tyler v. State,* 18 S.W.3d 117 (Mo.App. E.D.2000). Appellant filed his "Motion to Vacate Judgment Reinstate the Case Appoint Counsel to Amend Motion for Hearing," alleging abandonment by post-conviction counsel, which the motion court denied on February 21, 2002. This Court affirmed the denial in *Tyler v. State,* 111 S.W.3d 495 (Mo.App. E.D.2003). Appellant filed another motion alleging abandonment by post-conviction counsel, which the motion court denied on March 12, 2004. Appellant appealed when the motion court's order was a not a final judgment, and this Court subsequently dismissed for lack of jurisdiction. *Tyler v. State,* 229 S.W.3d 103, 105 (Mo.App. E.D.2007). The motion court then entered a second order, denominated as a Judgment, dismissing Appellant's motion for lack of jurisdiction due to Appellant's failure to raise an actual claim of abandonment. We affirm the dismissal of Appellant's motion to reinstate his post-conviction petition.[1]

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose and have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

---

1. Appellant filed a Motion for Leave to Publish to the Record New Case Law, filed on April 6, 2009, as well as a Motion for Leave to File Supplement Case Law and Suggestions, filed on April 24, 2009, which were taken with the case. The State filed Suggestions in Opposition to Appellant's Motion for Leave to File Supplemental Case Law and Suggestions. Appellant's Motion for Leave to Publish to the Record New Case Law is granted. Appel-

lant's Motion for Leave to File Supplement Case Law and Suggestions is denied. Appellant filed additional motions, including a Motion to Remand for Hearing on Fabricated Addendum Transcript Claim, filed on April 6, 2009, and a Motion to Remand, Assign Counsel, Strike State[']s Brief as an Alternate Supreme Court Rule 91.06 Order Discharging Appellant, filed on April 3, 2009, also taken with the case. These motions are denied.