**STATE of Missouri, Respondent,**

v.

**Johnny SITTNER, Appellant.**

**No. ED 91463.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 29, 2009.

Matthew Ward, Columbia, MO, for appellant.

Chris Koster, Jamie Pamela Rasmussen, Jefferson City, MO, for respondent.

**KENNETH M. ROMINES, C.J.**

### Introduction

Appellant, Johnny Sittner appeals the judgment of the Circuit Court of Washington County which convicted him of statutory rape in the first degree, § 566.032 [1], statutory sodomy in the first degree, § 566.062, and two counts of incest, § 568.020. We affirm.

### Factual and Procedural Background

On 28–29 April 2009 Sittner was tried before the Honorable Judge Kenneth Wayne Pratte of charges of first-degree statutory rape, first-degree sodomy, and

---

1. All statutory references are to RSMo 2000.

two counts of incest. Prior to the trial a licensed clinical social worker at the Children's Advocacy Center of East Central Missouri, Dina Vitoux, performed an extended evaluation of S.S. During this evaluation S.S. communicated, with considerable detail, the acts Sittner was alleged to have subjected her to.

Vitoux was called as a witness and the trial court recognized her as an expert in the field of child sex abuse and forensic counseling. Vitoux testified to what she and other experts used to determine the accuracy of a child's disclosure. She listed four factors, one of which was an unusual sexual knowledge for their age. Over objection, Vitoux stated that S.S. had such unusual knowledge. During a bench conference prior to defense counsel's cross-examination of Vitoux defense counsel requested permission to ask Vitoux questions regarding the other men who had abused S.S. in order to show that S.S. had an alternative source for her unusual sexual knowledge. The State argued that this evidence was barred by the rape shield statute, § 491.015. The Court considered both arguments and determined that S.S.'s knowledge was not overly emphasized, was not used in the State's opening argument, and from that point forward in the trial that area was "off limits". Both the State and Defense Counsel complied.

Sittner was convicted by a jury on all of the charges against him. This appeal follows.

## Discussion

■ Sittner argues on appeal that the Circuit Court abused its discretion in refusing to allow his trial counsel to present evidence that S.S. alleged that she had also been sexually abused by three other men.

The trial court's decision on the admission or exclusion of evidence is reviewed for abuse of discretion. *State v. Sales*, 58 S.W.3d 554, 558 (Mo.App. W.D.2001). A trial court has abused its discretion when a ruling is clearly against the logic and circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Brown*, 939 S.W.2d 882, 883 (Mo. banc 1997). Moreover, an evidentiary ruling will not be overturned absent a showing of prejudice. *State v. Barriner*, 111 S.W.3d 396, 401 (Mo. banc 2003).

■ If the state does not attempt to use evidence of a victim's unusual sexual knowledge to establish Defendant's guilt, the Defendant is not constitutionally entitled to present evidence about any past abuse or present other evidence of that abuse. *State v. Sales*, 58 S.W.3d 554, 559 (Mo.App. W.D.,2001). Here, the State did not use evidence of S.S.'s unusual sexual knowledge to establish Sittner's guilt, that knowledge merely arose as one of four factor's Vitoux used to determine the accuracy of S.S.'s statements.

In support of his argument Appellant points this court to *State v. Samuels*, 88 S.W.3d 71 (Mo.App. W.D.2002). *Samuels* holds that it was a violation of a defendant's due process rights to not allow him to present evidence that the victim gained unusual sexual knowledge from a source other than defendant. *Id.* at 82. In that case the State emphasized the victim's unusual sexual knowledge in its opening argument and three times in its closing arguments. *Id.* Absent the State's improper emphasis on the victim's knowledge the outcome of that case would have been different. *Id.* This case is one in which no improper emphasis was given to the victim's unusual sexual knowledge. As previously stated, the issue only arose as one of a series of factors Vitoux used to determine the accuracy of S.S's statements.

Her sexual knowledge was not mentioned in front of the jury any other time during the course of the two day trial.

This case involved competent attorneys and a competent Judge, who quickly, but thoroughly, came upon the correct conclusion on a potentially difficult evidentiary issue. All relevant evidence was available to the jury, no rights of the defendant were violated, and the privacy of the victim was preserved. The Judgment is affirmed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.