**Kenneth G. MIDDLETON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73290.**

Missouri Court of Appeals, Western District.

Oct. 18, 2011.

Kent E. Gipson, Kansas City, MO, for Appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, Attorney General Jefferson City, MO, for Respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, MARK D. PFEIFFER, Judge, and ANN MESLE, Special Judge.

MARK D. PFEIFFER, Judge.

Kenneth G. Middleton ("Middleton") appeals from an Order entered by the Circuit Court of Jackson County, Missouri ("trial court" or "motion court"), denying his second motion to reopen post-conviction proceedings, based on abandonment of counsel. Because the motion court's Order is not a final appealable judgment, we dismiss Middleton's appeal for lack of jurisdiction.

## Facts and Procedural History

Because of the extensive procedural history of this case, we only briefly recount the procedural facts relevant to the disposition of this case. Katherine Middleton was killed by a single gunshot wound to the head on February 12, 1990. In 1991, Kenneth Middleton, her husband, was convicted by a jury of murder in the first degree and armed criminal action. On April 5, 1991, the trial court sentenced him to concurrent sentences of life imprisonment without eligibility for probation or parole for the murder conviction and two hundred years for the armed criminal action conviction.

On September 9, 1991, Middleton timely filed a *pro se* Rule 29.15 motion for post-conviction relief. After the trial court appointed a public defender to prepare an amended motion, Middleton hired private counsel. Retained counsel timely filed an amended motion alleging ineffective assistance of trial counsel on November 25, 1991. On April 9, 1992, the motion court denied Middleton's pro se and amended motions. On consolidated appeal, we affirmed his convictions and sentences and the denial of his Rule 29.15 motion. *State v. Middleton*, 854 S.W.2d 504 (Mo.App. W.D.1993).

Approximately ten years later (July 2003), Middleton moved to reopen his post-conviction proceedings, based on abandonment of his original post-conviction relief counsel ("Motion to Reopen I"). The motion court granted Middleton's Motion to Reopen I, ruling that Middleton had been abandoned by counsel as alleged. Thus,

the motion court reopened Middleton's post-conviction proceedings and ultimately vacated and set aside Middleton's convictions, granting a new trial. The State appealed and we concluded that Middleton had not been abandoned by counsel. Thus, we reversed the motion court, ruling that the motion court lacked authority to reopen Middleton's post-conviction proceedings. We remanded the case to the motion court with directions to dismiss[1] Middleton's Motion to Reopen I. *Middleton v. State*, 200 S.W.3d 140, 144 (Mo.App. W.D.2006).

On August 5, 2010, Middleton filed his current second motion to reopen his post-conviction proceedings, again alleging abandonment of counsel ("Motion to Reopen II"). On November 29, 2010, the motion court issued a signed Order, denying Middleton's Motion to Reopen II. The motion court expressly stated that the basis for denial was because it lacked jurisdiction to consider Middleton's Motion to Reopen II. The motion court recorded the Order denying the Motion to Reopen II in a docket entry. Neither the Order nor the docket entry was denominated a "judgment." Middleton appeals.

## Jurisdiction

Before we review a claim on appeal, we must determine our jurisdiction sua sponte. *Tyler v. State*, 229 S.W.3d 103, 105 (Mo.App. E.D.2007). "A prerequisite to appellate review is that the appellant must be appealing from a final judgment." *Id.*; § 512.020(5) RSMo Cum.Supp.2010.

Middleton suggests that under Rule 29.15(k) "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state" and that "[a]ppellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." However, Middleton is not asking this court to review the denial of his Rule 29.15 motion. Instead, he is asking us to review the motion court's Order denying his Motion to Reopen II, which he has filed pursuant to Rule 75.01. Thus Rule 29.15(k) is inapplicable to the discussion of our jurisdiction.[2]

■ Missouri law demands that we strictly enforce the requirements of Rule 74.01(a) concerning judgments. *Tyler*, 229 S.W.3d at 105. Rule 74.01(a) provides:

'Judgment' ... includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

---

1. *See McFadden v. State*, 256 S.W.3d 103, 106–07 (Mo. banc 2008) (Absent the narrow exception when the post-conviction movant is abandoned by counsel, a Rule 29.15 movant is only entitled to relief when filing a meritorious Rule 29.15 motion within the time limits prescribed by Rule 29.15 and, if not timely filed, the motion court is compelled to dismiss it.).

2. At oral argument, Middleton's present appellate counsel cited *Gehrke v. State*, 280 S.W.3d 54 (Mo. banc 2009), for the proposition that a final judgment is not necessary for this court to review a motion to reopen post-conviction proceedings. However, the procedural posture of *Gehrke* suggests just the opposite—in that the motion court's ruling on the motion to reopen post-conviction proceedings was recorded as a judgment, not an order. *Id.* at 56.

Thus, in order to be final, a judgment must be: (1) in writing; (2) signed by the judge; (3) denominated "judgment"; and (4) filed. *Tyler*, 229 S.W.3d at 105.

■ In this case, neither the motion court's Order nor the docket entry recording the denial of Middleton's Motion satisfies all of the requirements of Rule 74.01(a). The motion court's Order is denominated "ORDER" and not "JUDGMENT." The docket entry refers to the Order as such and does not record a separate document in which the motion court entered a judgment. *Tyler*, 229 S.W.3d at 105. Thus, Middleton's appeal is "simply an attempt to appeal from the denial of a motion rather than from a judgment." *Id.*

Accordingly, we do not have jurisdiction over this appeal.

## Conclusion

We dismiss this appeal for lack of jurisdiction.[3]

LISA WHITE HARDWICK, Chief Judge, and ANN MESLE, Special Judge, concur.

**3.** Should additional proceedings take place before the motion court, we offer the following thoughts *ex gratia*. Initially, we note that the court where an original post-conviction motion was timely filed has jurisdiction to consider a motion that seeks to reopen those proceedings to address claims of abandonment. *Dudley v. State*, 254 S.W.3d 109, 111 (Mo.App. W.D.2008); *Hammack v. State*, 130 S.W.3d 721, 722 (Mo.App. E.D.2004); *Daugherty v. State*, 116 S.W.3d 616, 617 (Mo.App. E.D.2003); *see also Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) ("[A] motion court has authority to consider a motion to reopen Rule 29.15 proceedings when it is alleged that a movant has been abandoned by his counsel."). In this case, the motion court's Order indicates that it "heard oral arguments" on Middleton's motion to reopen and denied the motion on the grounds of "lack of jurisdiction." However, there is nothing in the motion court's Order indicating that the court considered Middleton's claim that post-conviction counsel abandoned Middleton (or even if the motion court believed that Middleton was doing nothing more than raising the same abandonment arguments that this court had already expressly ruled upon unfavorably for Middleton). "Whether a claim of abandonment is valid does not control the motion court's jurisdiction. It is not the result that determines jurisdiction, but the right of the court to consider the matter." *Crenshaw*, 266 S.W.3d at 259. Middleton filed his motion to reopen in the court where his post-conviction proceedings took place and asked the motion court to inquire into the conduct of his post-conviction counsel under abandonment case law. *Dudley*, 254 S.W.3d at 112. Therefore, the motion court possesses jurisdiction to consider Middleton's motion to reopen. *Id.* As in *Dudley, Hammack*, and *Daugherty*, this court expresses no opinion as to whether Middleton's allegations are sufficient to state a claim of abandonment. *Dudley*, 254 S.W.3d at 112; *Hammack*, 130 S.W.3d at 722; *Daugherty*, 116 S.W.3d at 618. We would note that the Missouri Supreme Court has expressly limited abandonment scenarios, *Gehrke*, 280 S.W.3d at 57, and has likewise "repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of post-conviction counsel," and that such claims are "categorically unreviewable." *Id.* at 58 (internal quotations omitted). If the motion court concludes that Middleton's abandonment claims are meritless, then the motion court does not have authority to reopen his post-conviction proceedings and, much like the dismissal we previously directed on Motion to Reopen I, the motion court would be required to dismiss Motion to Reopen II. In that scenario, while the motion court would not have authority to reopen the post-conviction proceedings, it does have authority to initially consider the claim of abandonment. If, and only if, a motion court concludes that a movant's claim of abandonment is meritorious does the motion court have the authority to reopen the post-conviction proceedings.