Johnny D. SITTNER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 99165.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 13, 2013.

Elizabeth Unger Carlyle, Kansas City, MO, for appellant.

Chris Koster, Jennifer A. Rodewald, Jefferson City, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

Johnny D. Sittner appeals the motion court's denial of his amended motion to "re-open" his post-conviction proceedings without an evidentiary hearing. We affirm.

## I. BACKGROUND

In 2009, Sittner was convicted of one count of first-degree statutory rape, one count of first-degree statutory sodomy, and two counts of incest. His convictions were affirmed by this Court in *State v. Sittner*, 294 S.W.3d 90 (Mo.App. E.D. 2009). Thereafter, Sittner filed a pro se Rule 29.15[1] motion for post-conviction relief and was appointed post-conviction counsel ("Counsel"). Counsel filed an amended Rule 29.15 motion which was denied by the motion court without an evidentiary hearing. This Court affirmed the motion court's decision in *Sittner v. State*, 326 S.W.3d 551 (Mo.App. E.D.2010).

A year and a half later, Sittner filed a motion, and subsequently an amended motion, to "re-open" his post-conviction proceedings. Sittner's amended motion alleged additional grounds of relief that were not included in his amended Rule 29.15 motion and argued that the motion court was required to re-open his post-conviction proceedings because: (1) Sittner's medicated state and mental illness rendered him incompetent to assist in his post-conviction proceedings; (2) Counsel failed to investigate Sittner's case; and (3) Counsel failed to include all grounds of relief known to Sittner in the amended Rule 29.15 motion. The motion court entered an "order" denying Sittner's amended motion to "re-open" without an evidentiary hearing, finding that Sittner failed to allege a cognizable claim of abandonment. Sittner appeals.

## II. DISCUSSION

Sittner asserts two points on appeal, arguing the motion court clearly erred in denying his amended motion to "re-open" his post-conviction proceedings.

### A. This Court has Jurisdiction over Sittner's Appeal

As an initial matter, we must address, *sua sponte*, the issue of whether we have jurisdiction over Sittner's claims. *Tyler v. State*, 229 S.W.3d 103, 105 (Mo. App. E.D.2007). In order for our Court to have jurisdiction, the appeal must be from a final judgment. *Id.* Rule 74.01(a) provides, in relevant part:

> A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

Accordingly, in order for a judgment to be final and appealable, it must generally be:

1. All references to Rules are to Missouri Supreme Court Rules (2013).

(1) in writing; (2) signed by the judge; (3) denominated "judgment"; and (4) filed. *Id.; Tyler*, 229 S.W.3d at 105.

Here, the motion court filed a written and signed "order" denying Sittner's amended motion to "re-open" post-conviction proceedings. Because the motion court's "order" denying relief was not denominated a "judgment," Sittner does not appeal from a judgment as contemplated under Rule 74.01(a). However, pursuant to Rule 29.15(a), the procedure to be followed for motions filed under Rule 29.15 is "governed by the rules of civil procedure *insofar as applicable.*" (emphasis added). Because Rule 29.15(k) provides that "[a]n *order* sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state," Rule 74.01(a)'s requirement that the ruling be denominated a "judgment" is not applicable to an appeal from a Rule 29.15 motion, (emphasis added); *State v. Reber*, 976 S.W.2d 450, 451 (Mo. banc 1998) (relying on Rule 29.15(k) to find that the denomination requirement under Rule 74.01(a) is not applicable to post-conviction appeals).

While it may appear that Sittner is appealing a denial of a motion to "re-open" post-conviction proceedings, rather than a denial of a Rule 29.15 motion for post-conviction relief, Rule 75.01[2] only grants the motion court the authority to re-open a Rule 29.15 proceeding for thirty days following the entry of judgment. *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013). After the thirty-day period has expired, the motion court generally lacks the ability to re-open the proceedings. *Id.* at 773–74. Accordingly, the Missouri Supreme Court recently found that filing a motion to "re-open" post-conviction proceedings after the thirty-day period has expired does not exist in our rules. *Id.* at 774. Instead, such filings are considered motions for post-conviction relief due to abandonment. *Id.* at 775.

Following the reasoning set forth in *Eastburn*, although titled an amended motion to "re-open" post-conviction proceedings, Sittner's amended motion, filed a year and a half after the motion court's "order" was filed, is actually a motion for post-conviction relief due to abandonment filed under Rule 29.15.[3] As such, we hold that Sittner's appeal of the motion court's "order" is deemed an appeal from a final judgment pursuant to Rule 29.15(k), and we have jurisdiction over his appeal.[4]

## B. Standard of Review

██ Our review is limited to a determination of whether the motion court's

---

**2.** Pursuant to Rule 75.01, "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, [re-open], correct, amend, or modify its judgment within that time."

**3.** From this point forward, we will refer to Sittner's amended motion to "re-open" as a motion for post-conviction relief due to abandonment.

**4.** We acknowledge that Missouri Courts have held that the "judgment" denomination requirement set forth under Rule 74.01(a) applies to appeals from motions to "re-open" post-conviction proceedings. *See, e.g., Middleton v. State*, 350 S.W.3d 489, 491–92 (Mo. App. W.D.2011); *Queen v. State*, 214 S.W.3d 410, 411 (Mo.App. E.D.2007); *Williams v. State*, 208 S.W.3d 307, 309 (Mo.App. E.D. 2006); *Belger v. State*, 202 S.W.3d 96, 97 (Mo.App. E.D.2006); *Tyler*, 229 S.W.3d at 105. However, these cases were decided prior to *Eastburn* and did not consider the motions to "re-open" as motions for post-conviction relief due to abandonment filed under Rule 29.15. Accordingly, we decline to follow these cases to the extent they hold that we have no jurisdiction over an appeal from an "order" disposing a motion to "re-open" post-conviction proceedings.

findings and conclusions are clearly erroneous. *Id.* at 773. "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.* To receive an evidentiary hearing, a movant's motion must allege facts, not conclusions, warranting relief. *Kreidler v. State,* —— S.W.3d ——, ——, 2013 WL 1775438 at *1–2 (Mo. App. S.D.2013).

## C. The Motion Court's Findings and Conclusions are Not Clearly Erroneous

Sittner asserts two points on appeal, arguing the motion court clearly erred in denying, without an evidentiary hearing, his motion for post-conviction relief due to abandonment because he was incompetent to assist Counsel and because he was abandoned by Counsel.

### 1. General Law

■ As previously indicated, there is generally no authority to allow the motion court to retain jurisdiction over post-conviction proceedings beyond the expiration of the thirty-day period following the entry of judgment. Rule 75.01; *Eastburn,* 400 S.W.3d at 773–74. However, Courts have recognized a narrow exception providing that the motion court retains jurisdiction beyond thirty days when the movant was abandoned by post-conviction counsel. *Eastburn,* 400 S.W.3d at 774; *Jensen v. State,* 396 S.W.3d 369, 374 (Mo.App. W.D. 2013); *Hemphill v. State,* 323 S.W.3d 442, 445 (Mo.App. E.D.2010); *Wise v. State,* 219 S.W.3d 270, 272 (Mo.App. S.D.2007). Abandonment by post-conviction counsel occurs when: (1) post-conviction counsel fails to file an amended motion and the movant was deprived of meaningful review of the claims; (2) post-conviction counsel files an untimely amended motion; or (3) an overt action of postconviction counsel keeps the movant from filing a timely original motion. *Eastburn,* 400 S.W.3d at 774; *Jensen,* 396 S.W.3d at 374.

### 2. Sittner's Alleged Incompetence

■ In his first point on appeal, Sittner maintains that he was entitled to bring additional claims of post-conviction relief in a motion for post-conviction relief due to abandonment because the failure to include the claims in his amended Rule 29.15 motion was beyond his control. Specifically, Sittner argues that he was incompetent to assist Counsel with postconviction proceedings and that his incompetence entitles him to bring additional claims omitted from the amended Rule 29.15 motion. We disagree.

Abandonment by post-conviction counsel is "[t]he *only* recognized exception" allowing a motion court to retain jurisdiction over Rule 29.15 proceedings beyond the thirty-day period following the entry of judgment. *Grays v. State,* 275 S.W.3d 392, 393 (Mo.App. E.D.2009) (emphasis added). Here, Sittner's claim does not allege that Counsel failed to file an amended motion, that Counsel filed an amended motion out of time, or that Counsel took an overt action which prevented Sittner from filing an original pro se motion. Accordingly, Sittner's claim that he was incompetent to assist Counsel is not a recognized claim of abandonment. *See Eastburn,* 400 S.W.3d at 774. Because abandonment by post-conviction counsel is the only recognized exception allowing the motion court to retain jurisdiction over post-conviction proceedings beyond thirty days from the entry of judgment, Sittner's motion did not allege facts warranting relief. Therefore, the motion court did not clearly err in denying Sittner's motion for postconviction relief due to abandonment without an evidentiary hearing. Point one is denied.

### 3. Post–Conviction Counsel's Alleged Abandonment

■ In his second and final point on appeal, Sittner claims the motion court erred in finding that he was not abandoned by Counsel. Specifically, Sittner contends that Counsel failed to investigate additional grounds of relief suggested by Sittner in his pro se motion and postconviction questionnaire. According to Sittner, Counsel's failure to include the additional grounds of relief in the amended Rule 29.15 motion constituted abandonment. We disagree.

In *Volner v. State*, the movant filed a motion to "re-open" his post-conviction proceedings on the ground that he was abandoned by post-conviction counsel because counsel failed to include a claim in the amended motion that movant had raised in his original pro se postconviction motion. 253 S.W.3d 590, 591 (Mo.App. S.D.2008). The Court found that this claim did not constitute abandonment as defined by the Missouri Supreme Court because a "claim that post-conviction counsel 'abandoned' a potential claim is … more accurately a claim that counsel was ineffective." *Id.* at 593 (internal quotation omitted). Because there is no constitutional right to the effective assistance of counsel in post-conviction proceedings, the Court found that the movant's claim was not cognizable and denied the movant relief. *Id.*

Like the movant's claim in *Volner*, Sittner's claim of abandonment does not fit any characterization of abandonment as defined by our Supreme Court. Sittner's claim does not allege that Counsel failed to file an amended motion, that Counsel filed an amended motion out of time, or that Counsel took an overt action which prevented Sittner from filing an original pro se motion. Instead, Sittner's allegations, like the movant's allegations in *Volner*, amount to claims of ineffective assistance of post-conviction counsel. *Id. See also Hankins v. State*, 302 S.W.3d 236, 238–39 (Mo.App. S.D.2009) (finding a claim that post-conviction counsel failed to ascertain from the movant all grounds of possible relief was not a claim of abandonment but instead a claim of ineffective assistance of post-conviction counsel). "[C]laims of ineffective assistance of post-conviction counsel are categorically unreviewable." *Eastburn*, 400 S.W.3d at 774.[5] Accordingly, Sittner's motion does not allege facts warranting relief, and the motion court did not clearly err in denying Sittner's motion for post-conviction relief due to abandonment without an evidentiary hearing. Point two is denied.

### III. CONCLUSION

The judgment is affirmed.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.

---

5. Sittner, in apparent recognition that his claim amounts to nothing more than a claim of ineffective assistance of post-conviction counsel, argues that *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), should be read to allow him the ability to obtain relief upon a demonstration that post-conviction counsel was ineffective. Similar claims have been denied by by this Court, the Western District, and the Southern District. *Martin v. State*, 386 S.W.3d 179, 185–86 (Mo.App. E.D.2012); *Logan v. State*, 377 S.W.3d 623, 628–29 (Mo.App. W.D.2012);

*Yarberry v. State*, 372 S.W.3d 568, 574–75 (Mo.App. S.D.2012). In *Martinez*, the United States Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish "cause" to excuse a federal habeas petitioner's procedural default. 132 S.Ct. at 1315. However, *Martinez* speaks only to the procedure in federal habeas corpus proceedings, "does not establish a constitutional right to the effective assistance of post-conviciton counsel," and does not substantially change Missouri law. *Martin*, 386 S.W.3d at 185–86.