**Ricky DAUGHERTY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82145.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 29, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 15, 2003.

Application for Transfer Denied
Oct. 28, 2003.

Ricky J. Daugherty, Jefferson City, pro se.

John M. Morris III, Anne Edgington (co-counsel), Jefferson City, MO, for respondent.

*OPINION*

GLENN A. NORTON, Judge.

Ricky Daugherty appeals the dismissal of his motion requesting inquiry into abandonment by his post-conviction counsel. We reverse and remand for further proceedings.

**I. BACKGROUND**

Daugherty was convicted of four counts of sodomy in 1989. His convictions were

affirmed in *State v. Daugherty*, 823 S.W.2d 33 (Mo.App. E.D.1991). Daugherty's privately retained counsel filed a timely motion for post-conviction relief under Rule 29.15.[1] The motion was denied in 1990 after an evidentiary hearing, and Daugherty did not appeal that judgment.

In 2002, Daugherty filed the instant *pro se* motion titled "Motion Requesting Sua Sponte Inquiry into Abandonment and Fraud Committed upon this Court by Attorney Harold Wayne Fraser Concerning Motion to Vacate, Set Aside or Correct Judgment or Sentence." Daugherty filed this motion in the court where his post-conviction proceedings took place under that same case number. He requested that the motion court reopen the post-conviction case to consider numerous allegations of problems with and failures by post-conviction counsel. The court dismissed his motion based on a lack of jurisdiction. Daugherty appeals.

## II. DISCUSSION

■ Daugherty argues that the motion court had jurisdiction to hear his claims of abandonment under *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001), even though they were not raised in the context of a direct and timely appeal of the judgment denying his post-conviction relief motion. Whether the motion court had jurisdiction is a question of law, which we review *de novo*. *State v. Ferrier*, 86 S.W.3d 125, 127 (Mo.App. E.D. 2002).

■ Claims of abandonment by post-conviction counsel are normally brought in the context of a direct and timely appeal of the denial or dismissal of an action for post-conviction relief. *See Russell v. State*, 39 S.W.3d 52, 54 (Mo.App. E.D. 2001). In fact, before *Jaynes*, this Court

found "no authority for the proposition that a claim of abandonment by post-conviction counsel can be the basis for an *independent motion* proceeding in the circuit court, separate and apart from a movant's underlying motion for post-conviction relief." *Id.* at 55 (emphasis added). But in *Jaynes* the Supreme Court noted the possibility of *reopening* a timely Rule 29.15 motion upon a showing of abandonment by post-conviction counsel. *Jaynes*, 63 S.W.3d at 217–18.

In *Jaynes*, the movant was denied post-conviction relief without a hearing in 1988, and no appeal was taken from that judgment. *Id.* at 212. Approximately ten years later, he sought *habeas corpus* relief. *Id.* at 212–13. He alleged that his post-conviction counsel had a conflict of interest and abandoned him during his post-conviction proceeding. *Id.* at 213. After denying *habeas* relief, the Court stated that nothing in its decision would preclude the movant from seeking Rule 29.15 relief in the motion court based on abandonment. *Id.* at 217. It further noted that the movant "may wish to *move to reopen his original motion* under Rule 29.15 in the sentencing court, provided that his original motion was timely filed." *Id.* at 217–218 (emphasis added). Last year, the Supreme Court again noted the possibility that a movant denied relief under Rule 29.15 might be entitled to reopen his Rule 29.15 motion upon showing abandonment. *Brown v. State*, 66 S.W.3d 721, 726 n. 2 (Mo. banc 2002) (citing *Jaynes*, 63 S.W.3d at 217).

Under *Jaynes*, courts where original post-conviction motions were filed have jurisdiction to consider motions like Daugherty's, which seek to reopen post-conviction proceedings to address claims of abandonment. His original post-conviction

---

**1.** All rule references are to the Missouri Rules of Court (1990), unless otherwise indicated.

motion was timely, the motion to reopen was filed in the post-conviction motion court and it asked the court to inquire into the conduct of his post-conviction counsel under abandonment case law. It was error to dismiss this motion for lack of jurisdiction.[2]

By finding that the motion court had jurisdiction to consider Daugherty's motion, this Court expresses no opinion as to whether his allegations are sufficient to state a claim of abandonment, or as to the merits of those claims.[3] Indeed, some or all of his allegations may amount to mere claims of ineffective assistance of post-conviction counsel, which are "categorically unreviewable." *See State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997).

### III. CONCLUSION

The judgment dismissing Daugherty's motion to reopen his Rule 29.15 proceedings for lack of jurisdiction is reversed, and the case is remanded for further proceedings consistent with this opinion.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.

---

**2.** Because we find that the motion court had jurisdiction under *Jaynes*, we need not address Daugherty's alternative argument that the motion court had jurisdiction to review his claims of extrinsic fraud upon the court as an independent action in equity under Rule 74.06(d) (2002).

**3.** Daugherty's allegations include that his post-conviction counsel: had a conflict of interest, failed to file a brief in Daugherty's direct appeal, failed to order and review his sentencing transcript for possible errors, failed to provide him with copies of legal documents and transcripts, fraudulently filed an unverified Rule 29.15 motion (which omitted several issues and failed to cite legal authority), failed to file any amended motion, failed to answer interrogatories from the state, failed to advise Daugherty ahead of time as to the nature of the hearing he was attending (resulting in Daugherty's belief that he was attending proceedings related to his divorce), failed to subpoena or even contact certain witnesses, came to the Rule 29.15 evidentiary hearing unprepared, and generally did an inadequate job at that hearing.