**Joseph HAMMACK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 82920.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 2004.

Andrea K. Spillars, Anne Edgington (co-counsel), Jefferson City, MO, for respondent.

Joseph D. Hammack, Moberly, pro se.

### *OPINION*

GLENN A. NORTON, Presiding Judge.

Joseph Hammack appeals the dismissal of his motion to reopen his Rule 24.035 case to address claims that his post-conviction counsel abandoned him. We reverse and remand for further proceedings.

### I. BACKGROUND

Hammack pled guilty to four counts relating to the possession and trafficking of methamphetamine. He timely filed a *pro se* motion for post-conviction relief under Rule 24.035, and counsel was appointed. An amended motion was filed and then denied without an evidentiary hearing. *See Hammack v. State,* 75 S.W.3d 299 (Mo.App. E.D.2002) (affirming denial). Thereafter, Hammack filed the instant motion in the court where his post-conviction proceedings took place under the same case number. He alleged that his post-conviction counsel took no action to correct

the inadequacies of his original *pro se* motion, abandoned a claim Hammack had raised in his original motion and included uncognizable claims in the amended motion. Hammack requested that the court inquire into the performance of counsel to determine whether he had been abandoned. The court dismissed Hammack's motion, finding that it had no jurisdiction to reopen the proceedings. Hammack appeals.

## II. DISCUSSION

The court in which an original post-conviction motion was timely filed has jurisdiction to consider a motion that seeks to reopen those proceedings to address claims of abandonment. *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 217–218 (Mo. banc 2001); *Daugherty v. State,* 116 S.W.3d 616, 617–18 (Mo.App. E.D.2003). It was error to dismiss Hammack's motion for lack of jurisdiction.

By finding that the motion court had jurisdiction to consider his motion, this Court expresses no opinion as to whether Hammack's allegations are sufficient to state a claim of abandonment, or as to the merits of those claims. Indeed, his allegations may amount to mere claims of ineffective assistance of post-conviction counsel, which are "categorically unreviewable." *See State v. Owsley,* 959 S.W.2d 789, 799 (Mo. banc 1997).

## III. CONCLUSION

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concurring.