**Alvin DUDLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 68759.**

Missouri Court of Appeals,
Western District.

March 25, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2008.

Application for Transfer Denied
June 24, 2008.

Alvin Dudley, Bowling Green, MO, Appellant Acting Pro Se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Alvin Dudley appeals the denial of his motion requesting this court's inquiry into its jurisdiction to address abandonment claims.[1] We reverse and remand for further proceedings.

Following a jury trial, Dudley was convicted of forcible sodomy, armed criminal action, and felonious restraint.[2] On October 27, 1989, Dudley filed a pro se Rule 29.15 motion, which was denied. On December 4, 1989, Dudley filed a motion to set aside that Judgment, which the circuit court sustained. Dudley's appellate counsel filed an unverified amended motion on February 6, 1990, which the circuit court denied without an evidentiary hearing on March 6, 1990. Dudley appealed that decision, and it was consolidated with his direct appeal. On March 12, 1991, this court affirmed Dudley's convictions and sentences but dismissed his 29.15 claim holding that, because Dudley's 29.15 motion was unverified, the court lacked jurisdic-

---

1. We refer to Dudley's motion as he named it.

2. We derive the procedural history from *State v. Dudley*, 809 S.W.2d 40 (Mo.App.1991), due to the incomplete record submitted on appeal.

tion. *State v. Dudley,* 809 S.W.2d 40, 44–45 (Mo.App.1991).

On November 8, 2004, fourteen years after the original judgment, Dudley filed a motion to reopen his post-conviction case, which was denied by the circuit court on November 24, 2004. On July 31, 2006, Dudley filed a motion to reopen post-conviction proceedings based on abandonment of counsel, which was denied by the circuit court on January 31, 2007. On July 17, 2007, Dudley filed a motion requesting the court's inquiry into its jurisdiction to address abandonment claims. In his motion, Dudley requested that the circuit court accept jurisdiction to reopen his post-conviction motion and to address whether counsel abandoned him. Dudley requested that the circuit court consider his previously filed motion to reopen based on abandonment of counsel. Dudley alleged that his post-conviction counsel filed an unverified amended motion, failed to request an evidentiary hearing, abandoned two claims that Dudley had raised in his original motion, added no grounds, and did not sufficiently plead the facts. On July 19, 2007, the circuit court denied Dudley's motion and stated it did not have jurisdiction relying on Rule 75.01 and *Mansfield v. State,* 187 S.W.3d 1, 2 (Mo.App.2006). Dudley appeals.

■ The issue of whether the circuit court has jurisdiction to reopen a 29.15 proceeding is a question of law that we review de novo. *Middleton v. State,* 200 S.W.3d 140, 143 (Mo.App.2006). Rule 75.01 provides that the circuit court retains control over judgments for thirty days after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. The circuit court does not have jurisdiction to consider reopening a post-conviction judgment after this thirty day

time period. *Mansfield,* 187 S.W.3d at 2. A valid claim of abandonment, however, creates an exception to Rule 75.01. *Rasche v. State,* 231 S.W.3d 273, 274 (Mo. App.2007).

■ Abandonment occurs when post-conviction counsel does not file an amended motion or where post-conviction counsel is aware of the need to file an amended motion and fails to do so in a timely manner. *Barnett v. State,* 103 S.W.3d 765, 774 (Mo. banc), *cert. denied,* 540 U.S. 862, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003). These are the only two situations recognized by the Supreme Court that constitute abandonment.

■ When, however, the record shows that post-conviction counsel totally defaults in carrying out the obligations imposed by Rule 29.15, *State v. Bradley,* 811 S.W.2d 379, 384 (Mo. Banc 1991), or when counsel files an amended motion that is so patently defective that it amounts to a nullity, *Robinson v. State,* 211 S.W.3d 162, 163 (Mo. App.2007), such actions constitute abandonment. Under these circumstances, counsel, in essence, has not filed an amended motion, and, therefore, the actions falls within the first situation of abandonment recognized by the Supreme Court. *Barnett,* 103 S.W.3d at 774.

In this case, the circuit court denied Dudley's motion on the basis of Rule 75.01. Nothing exists in the circuit court's order to suggest that it considered whether Dudley's post-conviction counsel abandoned Dudley.

■ Dudley makes the claim that the unverified amended motion was a nullity. In his motion, Dudley argued that it amounted to not filing a motion at all. While the law on this issue has since

changed,[3] at the time of filing of his amended motion, the Missouri Supreme Court had pronounced that an unverified Rule 29.15 motion is a nullity, which fails to invoke the court's jurisdiction. *Malone v. State,* 798 S.W.2d 149, 151 (Mo. banc. 1990), *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. banc.1990). In fact, this court dismissed Dudley's appeal of the denial of his Rule 29.15 motion for lack of jurisdiction due to the motion being unverified. *Dudley,* 809 S.W.2d at 44–45. As such, Dudley alleged facts articulating a claim of abandonment of counsel, and the circuit court had jurisdiction to consider Dudley's motion.

Dudley's case is similar to *Daugherty v. State,* 116 S.W.3d 616 (Mo.App.2003). In that case, Daugherty filed a motion to reopen his post-conviction case to consider abandonment of counsel. Daugherty filed his motion twelve years after his motion for post-conviction relief was denied. *Id.* at 617. The circuit court dismissed Daugherty's motion based on lack of jurisdiction, and Daugherty appealed. *Id.* This court's Eastern District reversed and remanded the case for further proceedings holding that, "courts where original post-conviction motions were filed have jurisdiction to consider motions like Daugherty's, which seek to reopen post-conviction proceedings to address claims of abandonment." *Id.* The court noted further that Daugherty had filed his motion in the post-conviction motion court and that the motion asked the court to inquire into the conduct of his post-conviction counsel under abandonment case law. *Id.* at 618. The court made it clear, however, that it was not expressing any opinion as to the sufficiency of Daugherty's claims and conceded that his claims may amount to mere

claims of ineffective assistance of post-conviction counsel, which are unreviewable. *Id.*

Similarly, in *Hammack v. State,* 130 S.W.3d 721 (Mo.App.2004), this court's Eastern District held the circuit court erred in dismissing Hammack's motion to reopen his post-conviction case to address an abandonment claim for lack of jurisdiction. *Id.* at 722. The case was reversed and remanded for further proceedings. *Id.*

Dudley filed his motion in the court where his post-conviction proceedings took place. Dudley requested the circuit court's inquiry into the conduct of his post-conviction counsel under abandonment case law. The circuit court, therefore, had jurisdiction to consider Dudley's motion, and it was error for the circuit court to dismiss his motion for lack of jurisdiction. *Daugherty,* 116 S.W.3d at 617–18. In so ruling, this court expresses no opinion as to whether Dudley's allegations are sufficient to state a claim of abandonment. His claims may amount to mere claims of ineffective assistance of post-conviction counsel, which are unreviewable. *Id.*

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.

---

**3.** In *Glover v. State,* 225 S.W.3d 425, 428 (Mo. banc 2007), the Missouri Supreme Court held that for purposes of Rule 29.15 the signature requirement is not jurisdictional. When orig- inally adopted, Rule 29.15 required verification, such that any unsigned, unverified motion failed to invoke the court's jurisdiction. *Id.*