**Sheena EASTBURN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 92927.**

Supreme Court of Missouri,
En Banc.

June 25, 2013.

Kent E. Gipson, Law Office of Kent Gipson LLC, Kansas City, C.R. Rhoades, a sole practitioner, Neosho, for Eastburn.

Shaun J. Mackelprang, Attorney General's Office, Jefferson City, Jonathan G. Pierce, McDonald County Prosecuting Attorney, Pineville, for The State.

GEORGE W. DRAPER III, Judge.

Sheena Eastburn (hereinafter, "Movant") was convicted by a jury of first-degree murder, section 565.202, RSMo Supp.1992. The trial court adopted the jury's recommendation and sentenced Movant[1] to life imprisonment without eligibility for probation or parole.

Movant appealed her conviction and sentence. While her direct appeal was pending, Movant filed a motion for post-conviction relief.[2] The motion court denied Movant's post-conviction motion after an

---

1. At the time of Movant's sentencing, she was a juvenile.

2. Pursuant to Rule 29.15(b) (1995), a movant was required to file an application for post-conviction relief while the direct appeal was pending.

evidentiary hearing. In the consolidated appeal, the court of appeals affirmed Movant's conviction and denied her post-conviction relief. *State v. Eastburn,* 950 S.W.2d 595 (Mo.App. S.D.1997).

In September 2010, approximately thirteen years later, Movant filed a motion to re-open her post-conviction proceedings. Movant claimed that she had been abandoned by her appointed counsel and her conviction should be vacated to correct a manifest injustice. Movant presented two allegations in her motion: (1) her trial counsel was ineffective for failing to present testimony of mental health professionals, and (2) her conviction and sentence are barred by the United States Constitution and international law.

The docket sheets note that, on March 1, 2011, "by agreement of the parties, [M]ovant's motion to reopen [*sic*] her previous 29.15 proceeding is granted." On September 2, 2011, the State filed a motion to dismiss. The motion court held a hearing on the State's motion to dismiss.

At the hearing, Movant and the State debated the terms of their "agreement to reopen." The State argued it only agreed to re-open Movant's post-conviction case to determine whether she had been abandoned by post-conviction counsel. Movant stated she was not prepared to proceed on the issue of abandonment, but rather, she was prepared to proceed on the merits of the claims in her motion. Movant further argued she believed the State had conceded abandonment by post-conviction counsel, and hence, there was no need to present testimony about that issue. Out of an abundance of caution, the motion court decided it would hold an evidentiary hearing on Movant's motion and then determine whether it had subject matter jurisdiction.

At the conclusion of the evidentiary hearing, Movant noted the United States

Supreme Court granted two petitions for writs of certiorari to determine the constitutional validly of sentencing a juvenile to life in prison without parole. Accordingly, the parties agreed to keep this case open until the disposition of those cases.

On October 5, 2012, the motion court entered its final judgment. The motion court found the agreement to "re-open" was a misnomer; in reality, it found this was an attempt to file a successive Rule 29.15 motion. The motion court denied Movant relief, emphasizing this was a "successive motion," which is prohibited by Rule 29.15(1). Movant appeals.

### Standard of Review

 Appellate review of a motion court's decision to allow a motion to file a postconviction motion out of time is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Gehrke v. State,* 280 S.W.3d 54, 56 (Mo. banc 2009); *Nicholson v. State,* 151 S.W.3d 369, 370 (Mo. banc 2004). Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Gehrke,* 280 S.W.3d at 56–7.

### Post–Conviction Relief Motions

 The time limits for filing a Rule 29.15 motion are mandatory. Failure to file a post-conviction motion within those time limits functions as a complete waiver. *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010). Under Rule 75.01, a circuit court retains authority to reopen a Rule 29.15 proceeding for 30 days after a judgment is entered because its judgment is not yet final. *See also Taylor v. State,* 254 S.W.3d 856, 857 (Mo. banc 2008). After the expiration of this thirty day period, the

circuit court generally lacks the ability to reopen a final judgment. *Id.*

While there is no provision in Rule 75.01 to allow late filings, this Court has recognized a late filing may be accepted when a movant has been abandoned by postconviction counsel. *Moore*, 328 S.W.3d at 702. Abandonment by post-conviction counsel occurs when: "(1) when post-conviction counsel fails to file an amended motion and the record shows the movant was deprived of meaningful review of the claims; or (2) when post-conviction counsel files an untimely amended motion." *Moore*, 328 S.W.3d at 702, *see also Gehrke*, 280 S.W.3d at 57. Abandonment also may occur when the overt action of post-conviction counsel prevents the movant from filing a timely original motion. *Moore*, 328 S.W.3d at 702; *McFadden*, 256 S.W.3d at 109.

A motion to file an untimely post-conviction relief motion is not the same as filing a motion to "re-open." When a movant has been abandoned by post-conviction counsel, the opportunity for the movant to file a timely post-conviction motion has passed. Accordingly, there is nothing to "re-open." While parties may have referred to this motion as one to "re-open" the post-conviction proceedings based on abandonment, this nomenclature does not exist in our rules and should not be used henceforth.

"Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." *Taylor*, 254 S.W.3d at 858. Additionally, any claims of ineffective assistance of post-conviction counsel are "categorically unreviewable." *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004). Claims that could have been filed previously within a motion for post-conviction relief are deemed to be waived. *Gehrke*, 280 S.W.3d at 59.

### *Movant's motion*

Movant's motion alleged she was abandoned by her post-conviction counsel and raised two additional claims. Taking Movant's statements as true, the motion court properly held an evidentiary hearing to determine whether Movant had been abandoned.

Movant admits there was a timely filed Rule 29.15 motion following her conviction and sentencing. Movant's motion was reviewed and ruled upon. *Eastburn*, 950 S.W.2d at 608. Yet, Movant alleges the motion court should have ruled on the merits of her motion because the State conceded that she had been abandoned. Movant claimed that the original Rule 29.15 motion filed by her post-conviction counsel was a nullity because she wished other claims would have been raised.

This argument is without merit. Here, Movant's post-conviction counsel filed a timely Rule 29.15 motion. Movant's claim would be more appropriately characterized as a claim of ineffective assistance of post-conviction counsel because she stated there were claims she wished post-conviction counsel would have raised. This Court "has repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of post-conviction counsel." *Gehrke*, 280 S.W.3d at 58 (quoting *Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003)); *see also Winfield v. State*, 93 S.W.3d 732, 739 (Mo. banc 2002).

Movant was not abandoned by her post-conviction counsel. Movant does not meet the threshold standard of abandonment by post-conviction counsel to be able to file a motion for post-conviction relief due to

abandonment. Since Movant was not abandoned, the motion court properly declined to address the merits of her untimely motion for post-conviction relief.

### Conclusion

As previously discussed, filing a motion to "re-open" does not exist in our rules. Henceforth, attorneys should file a motion for post-conviction relief due to abandonment.

The motion court did not clearly err in overruling Movant's motion, seeking to file an untimely post-conviction motion. The judgment is affirmed.

All concur.