Tommy WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 75915.

Missouri Court of Appeals, Western District.

Dec. 17, 2013.

Tommy Williams, Charleston, MO, Appellant Acting Pro Se.

Shaun Mackelprang, Jefferson City, MO, Counsel for Respondent.

Before Division Four: JAMES EDWARD WELSH, C.J., ALOK AHUJA, and CYNTHIA L. MARTIN, JJ.

JAMES EDWARD WELSH, Chief Judge.

Tommy Williams appeals the circuit court's judgment denying his motion to reopen his Rule 29.15 case to address his claim of abandonment. The circuit court denied the motion to reopen on the basis that it lacked jurisdiction. We reverse and remand.

## Background

In 1991, following a jury trial, Williams was convicted of first-degree murder, assault, and two counts of armed criminal action and was sentenced to consecutive prison terms of life without parole, fifteen years, and two life sentences, respectively. *See State v. Williams,* 904 S.W.2d 349 (Mo.App.1995) (per curiam order).

Williams hired an attorney to handle his direct appeal. At the time, Missouri Supreme Court Rule 29.15 required a post-conviction motion to be filed within thirty days of the filing of the transcript on direct appeal. Rule 29.15(b) (1991). Williams' appellate counsel ("Counsel") filed the transcript on September 25, 1992; thus, Williams' post-conviction motion had

to be filed by October 25, 1992. Counsel filed Williams' *pro se* Rule 29.15 motion on Williams' behalf on October 28, three days past the deadline. Williams later was appointed post-conviction counsel through the public defender's office, and his appointed counsel filed an amended 29.15 motion.

The State filed a motion to dismiss on the basis that the filing of the post-conviction motion was untimely. Pursuant to Rule 29.15(b), failure to file a timely motion constitutes a complete waiver of any right to proceed under the Rule. In Williams' response, he alleged that Counsel "had the duty" to see that Williams' *pro se* Rule 29.15 motion was timely filed, in that Williams "entrusted his *pro se* claims" to Counsel for that purpose. He attached an affidavit in which Counsel averred that "any untimeliness of the *pro se* motion is solely due to my miscalculation, and not due to any negligent or intentional conduct by Mr. Williams."

On October 6, 1993, the circuit court held a hearing in connection with Williams' post-conviction motion. Williams testified and presented the testimony of Counsel. Counsel stated that he received Williams' *pro se* motion timely, that he reviewed Williams' points, and that he told Williams over the telephone, "I will see that it gets filed on time and I will do that." He said that he attached a cover sheet to Williams' *pro se* motion and filed it with the court. Counsel told the court that Williams had "counted on" him to file the motion, and he said, "it's my fault that I did not check the dates, and it's not [Williams']." Williams testified that Counsel told him that "he would file [the post-conviction motion.]"

Williams stated that he thought that Counsel had agreed to "prepare the whole motion" but that he "got impatient" and sent his claims to Counsel. Williams testified that he talked to Counsel on the telephone about his concerns related to filing the motion and Counsel told him that "he would file [the motion] and that [Williams] shouldn't worry about it because it would be on time."

The circuit court dismissed Williams' post-conviction motion as untimely. Citing *Bullard v. State*, 853 S.W.2d 921, 923 (Mo. banc 1993), the circuit court stated that: "Abandonment by counsel or reliance on counsel's erroneous advice does not excuse the untimely filing of an original *pro se* Rule 29.15 motion. Consequently, Movant's original motion . . . was untimely and his right to proceed under Rule 29.15 is waived."

Williams appealed, and his post-conviction appeal was consolidated with his direct appeal. This court affirmed the circuit court's dismissal of his post-conviction motion and his convictions in a per curiam order. *See State v. Williams*, 904 S.W.2d 349 (Mo.App.1995).

In July 2010, Williams filed a "Motion to Reopen 29.15 Proceedings Due to Fraud and Abandonment of Counsel under Rule 29.15(e), (g)."[1] In support of his abandonment claim, Williams set forth facts consistent with the testimony at the 1993 evidentiary hearing. The motion alleged that Counsel had entered into an attorney-client relationship with Williams when he agreed to file the post-conviction motion, and that Counsel's failure to timely file the motion constituted abandonment. Williams' motion cited various cases involv-

---

1. Williams entitled his motion a "Motion to Reopen" his 29.15 proceedings, thus, we refer to it as such herein. In *Eastburn v. State*, 400 S.W.3d 770, 774–75 (Mo. banc 2013), however, the Missouri Supreme Court clarified that a motion to "re-open" a post-conviction proceeding does not exist in court rules and that the proper motion to be filed is "a motion to file an untimely post-conviction relief motion" based on abandonment.

ing late or improper filing of an initial post-conviction motion, including *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008), where the court found abandonment by counsel who had assured the movant that she would file his initial *pro se* post-conviction motion and then failed to file it on time. Williams' motion alleged that his case and *McFadden* "are identical."

■ The circuit court denied Williams' motion to reopen his post-conviction case on April 4, 2012, on the basis that it "lacked jurisdiction."[2] The circuit court issued a new order about three weeks later denying Williams' motion for appointed counsel and stating that "[t]he Court, having taken the Defendant's pleadings as true, still finds that the Court lacks Jurisdiction."[3]

## Discussion

On appeal, Williams contends that the circuit court clearly erred in denying his motion to reopen his post-conviction proceedings based on a lack of jurisdiction. He contends that the court retains jurisdiction to reopen 29.15 proceedings where, as in his case, the existence of extraordinary circumstances beyond the control of the movant justify a late receipt of the motion by the court, citing *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008). Williams contends that *McFadden*, in which the Missouri Supreme Court found that the movant had been abandoned by post-conviction counsel under similar cir-

cumstances, is "indistinguishable" from his case and, thus, the lower court erred in issuing a decision that was contrary to *McFadden*.

■ As a threshold matter, we reject the State's contention that Williams' 2010 "motion to reopen" his post-conviction proceedings based on abandonment was barred by the doctrine of *res judicata.* The circuit court in Williams' 1993 post-conviction case dismissed the 29.15 motion as untimely. The court did not make a finding as to abandonment, nor was a decision on the issue of abandonment necessary to the court's ultimate decision to dismiss. Rather, the court essentially concluded that the motion must be dismissed as untimely *regardless* of whether the movant was abandoned, stating that "[a]bandonment by counsel or reliance on counsel's erroneous advice does not excuse the untimely filing of an original *pro se* Rule 29.15 motion."

■ Our review of the denial of a motion to reopen post-conviction proceedings—or, more accurately, "motion to file a post-conviction motion out of time"—is "limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013) (citing *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009)). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with

2. The time limits in Rule 29.15 amount to restrictions on "authority," not "jurisdiction." *See Moore v. State*, 328 S.W.3d 700, 703 n. 2 (Mo. banc 2010) (citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)). However, there is no significance to the circuit court's use of the improper terminology. *See id.* As explained herein, we find that the court had the "authority," under Rule 29.15(b), to hear the case and to grant relief.

3. We have authority to consider this appeal pursuant to Rule 29.15(k) ("[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal"). *See Sittner v. State*, 405 S.W.3d 635, 636–37 n. 4 (Mo.App.2013) (declining to follow prior appellate court decisions to the contrary in light of the Supreme Court's recent decision in *Eastburn*, 400 S.W.3d at 774, *see* footnote 1, *supra* ).

the definite and firm impression that a mistake has been made." *Id.*

■ "The time limitations for filing a Rule 29.15 motion are mandatory." *Id.* The failure to file a motion within the time provided by the Rule "shall constitute a complete waiver of any right to proceed under this Rule." Rule 29.15(b). Under Rule 75.01, "the circuit court retains control over judgments for thirty days after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." *Dudley v. State,* 254 S.W.3d 109, 111 (Mo.App.2008). After the expiration of that thirty-day period, however, the circuit court generally lacks the ability to reopen a final judgment. *Eastburn,* 400 S.W.3d at 773–74.

■ While there is no provision in Rule 75.01 to allow late filings, our Supreme Court has recognized that a post-conviction movant's valid claim of abandonment creates an exception to that rule. *Id.* at 774. Abandonment occurs when post-conviction counsel does not file an amended motion or where post-conviction counsel is aware of the need to file an amended motion and fails to do so in a timely manner. *Id.* When the record shows that post-conviction counsel totally defaults in carrying out the obligations imposed by Rule 29.15, or when counsel files an amended motion that is so patently defective that it amounts to a nullity, such actions constitute abandonment because counsel, in essence, has not filed an amended motion. *Dudley,* 254 S.W.3d at 111 (citing *State v. Bradley,* 811 S.W.2d 379, 384 (Mo. banc 1991); *Robinson v. State,* 211 S.W.3d 162, 163 (Mo.App.2007)).

■ Abandonment also may occur when the overt action of post-conviction counsel prevents the movant from filing a timely original motion. *Eastburn,* 400 S.W.3d at 774 (citing *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010)). Quoting *McFadden,* 256 S.W.3d at 108, the *Moore* court noted that "in very rare circumstances ... our courts have found [that] an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion[.]" 328 S.W.3d at 703. *See, e.g., Nicholson v. State,* 151 S.W.3d 369, 370–71 (Mo. banc 2004) (held that where a motion was filed within the ninety-day time period but sent to the wrong court, it should be considered timely filed and the court should have transferred it to the proper circuit court rather than dismiss it); *Spells v. State,* 213 S.W.3d 700, 701–02 (Mo.App.2007) (where the movant timely prepared and mailed a Rule 29.15 motion five days prior to due date but post-office box had changed and it was returned and then received at correct post-office box after deadline, motion would be considered timely filed).

In *McFadden,* our Supreme Court authorized the circuit court to reopen a final post-conviction motion where the movant, on his attorney's advice, gave his *pro se* post-conviction motion directly to his attorney several days before the filing deadline. 256 S.W.3d at 109. Although McFadden's attorney had assured him that she would hand-file the motion before the due date, she neglected to file it until one day after the deadline had expired. *Id.* at 105. The *McFadden* court held that the circuit court should have allowed the motion because McFadden, like the movants in *Nicholson* and *Spells,* had taken all the steps he could to secure his 29.15 review and was " 'free of responsibility for the failure to comply with the requirements of the rule.' " *Id.* at 109 (quoting *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991)). The court also observed that " '[t]he situation of prisoners seeking to appeal without the aid of counsel is unique,' " in that they " 'cannot take

the steps other litigants can take … to ensure that the court clerk receives and stamps their notices of appeal before the … deadline.'" *Id.* (quoting *Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).[4] The court explained that its "opinion is limited to this specific factual scenario where counsel overtly acted and such actions prevented the movant's timely filing." *Id.* The court concluded that counsel's "active interference" constituted abandonment and that, "[i]n these unique circumstances, the motion court is authorized to reopen the otherwise final post-conviction proceeding." *Id.*

Williams contends that his case is indistinguishable from *McFadden,* in that it too involves abandonment due to his reliance on Counsel's promise to file his *pro se* post-conviction motion and Counsel's failure to timely do so. *See id.* at 105, 109. This court need not attempt to decide that issue, however. Here, the circuit court denied Williams' motion on the basis that it "lacked jurisdiction." There is nothing in the circuit court's order to suggest that it considered whether Williams' post-conviction counsel abandoned him. In *Daugherty v. State,* 116 S.W.3d 616, 617–18 (Mo. App.2003), this court's Eastern District reversed and remanded the dismissal of a Rule 29.15 motion based on a lack of jurisdiction, holding that, "courts where original post-conviction motions were filed have jurisdiction to consider motions like Daugherty's, which seek to reopen post-conviction proceedings to address claims of abandonment." The court noted that Daugherty had filed his motion in the post-conviction motion court and that the motion asked the court to inquire into the conduct of his post-conviction counsel under abandonment case law. *Id.*

 Here, Williams filed his motion in the court where his post-conviction proceedings took place. He requested the circuit court's inquiry into the conduct of his post-conviction counsel under abandonment case law. The circuit court, therefore, had jurisdiction to consider Williams' motion, and it was error for the court to dismiss his motion for lack of jurisdiction. *See Dudley,* 254 S.W.3d at 112 (citing *Daugherty,* 116 S.W.3d at 617–18). In so ruling, this court expresses no opinion as to whether Williams' allegations are sufficient to state a claim of abandonment. His claims may amount to mere claims of ineffective assistance of post-conviction counsel, which are unreviewable.[5] *See id.*

Williams alleged facts articulating a claim of abandonment of counsel, and the circuit court had jurisdiction to consider his motion. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.

---

4. In *Howard v. State,* 289 S.W.3d 651, 652–54 (Mo.App.2009), the Eastern District relied directly on *McFadden* to decide that an incarcerated movant's 29.15 motion should not be dismissed as untimely where the prison's failure to follow its own mailroom procedures and timely mail the motion was beyond the movant's control.

5. The court in *McFadden,* 256 S.W.3d at 108, distinguished *Bullard* on this basis, stating:

*Bullard* [853 S.W.2d 921] held that ineffective assistance of counsel in informing his client when a post-conviction motion is due does not constitute abandonment. That is not what occurred here, however: the public defender accurately told Mr. McFadden when his motion had to be filed, but she then told him to give it to her for filing and then simply abandoned that undertaking. *Bullard,* thus, is not dispositive.