

# In the
# Missouri Court of Appeals
# Western District

GARY TODD WASHINGTON-BEY,

          Appellant,

v.

STATE OF MISSOURI,

          Respondent.

WD81507

OPINION FILED:

February 19, 2019

Appeal from the Circuit Court of Boone County, Missouri
The Honorable Kevin Crane, Judge

Before Division One:
Lisa White Hardwick, P.J., Edward R. Ardini, and Thomas N. Chapman, JJ.

Gary Todd Washington-Bey appeals *pro se* a circuit court's ruling that it lacked jurisdiction to consider his Motion to File Untimely Post-Conviction Relief Motion Due to Abandonment ("Abandonment Motion"). Relatedly, Washington-Bey argues that the circuit court initially erred when, on November 3, 2005, it dismissed his Rule 29.15 Post-Conviction Motion ("Post-Conviction Motion"). We reverse the circuit court's judgment dismissing his Abandonment Motion on jurisdictional grounds and remand for further proceedings. His appeal of the 2005 order dismissing his Post-Conviction Motion is untimely and is denied.

*Facts and Procedure*

Washington-Bey was convicted of tampering with a motor vehicle in the first degree and sentenced to seven years in the Department of Corrections. He appealed and his conviction and sentence were affirmed in a decision issued by this Court on April 19, 2005. The Court of Appeals issued its mandate affirming his conviction and sentence on September 1, 2005.

On October 24, 2005, Washington-Bey filed a *pro se* Rule 29.15 Motion to Vacate, Set Aside, or Correct the Judgment or Sentence. In his Post-Conviction Motion, he erroneously alleged that the Court of Appeals issued its mandate on April 19, 2005. On November 3, 2005, the circuit court entered its order dismissing his Post-Conviction Motion, finding that, pursuant to Rule 29.15[1], he was required to file his motion within 90 days of the issuance of the Court's mandate; that the motion was not filed until October 24, 2005; and that the motion was therefore untimely in that it was not filed within 90 days of April 19, 2005. The circuit court did not appoint counsel and he did not file a timely appeal of the circuit court's order of dismissal.

On January 3, 2018, Washington-Bey filed his Abandonment Motion, in which he alleged that he was abandoned as a result of the circuit court's failure to appoint him counsel in 2005.[2] On January 25, 2018, the circuit court issued an order, by docket entry, which stated:

---

[1] Rule references are to the Missouri Court Rules (2005) unless otherwise indicated.

[2] Washington-Bey's legal file does not include "Plaintiff's Abandonment Supplemental Motion Postconviction Court Abused Its Discretion" filed on January 23, 2018. No reference is made to this document in the briefs, and the State made no complaint regarding its absence or the completeness of the legal file. When a document is not included in the legal file we may nevertheless proceed to hear an appeal, so long as the absence of the document does not hinder our ability to review the claims of error. *Williston v. Vasterling*, 536 S.W.3d 321, 328 n. 7 (Mo. App. W.D 2017); *Williams v. MFA Mut. Ins. Co.,* 660 S.W.2d 437, 439 (Mo. App. E.D. 1983); Rule 81.12(b)(2) (2018); Rule 84.08 (2018). "Rules should be construed liberally in favor of allowing appeals to proceed." *MFA Ins. Co.*, 660 S.W.2d at 439. The Abandonment Motion in the legal file also appears to be missing some of its pages. Again, the State makes no complaint regarding this document and addresses the portion which is included in which Washington-Bey complains that he was abandoned due to the court's failure to appoint him counsel. The legal file herein is sufficient to determine whether the circuit court had jurisdiction to rule on Washington-Bey's Abandonment Motion, and whether he can now appeal the denial of his 2005 Post-Conviction Motion. Since the absence of "Plaintiff's Abandonment Supplemental Motion Postconviction Court Abused Its

"Court lacks jurisdiction to rule on motion."[3]

### *Discussion*

Ordinarily, our review of a judgment rendered in proceedings brought pursuant to Rule 29.15 "is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013). However, in the present case, the circuit court summarily dismissed Washington-Bey's Abandonment Motion on jurisdictional grounds. "Therefore, the question of whether the motion court had jurisdiction" to address Washington-Bey's Abandonment Motion "will be reviewed *de novo*." *Middleton v. State*, 200 S.W.3d 140, 143 (Mo. App. W.D. 2006).

"Under Rule 75.01, 'the circuit court retains control over judgments for thirty days after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.'" *Williams v. State*, 415 S.W.3d 764, 768 (Mo. App. W.D. 2013) (quoting *Dudley v. State*, 254 S.W.3d 109, 111 (Mo. App. W.D. 2008)). "After the expiration of that thirty-day period, however, the circuit court generally lacks the ability to reopen a final judgment." *Id*. Nevertheless, "our Supreme Court has recognized that a post-conviction movant's valid claim of abandonment creates an exception to that rule." *Id*.

Pursuant to the exception, "[t]he court in which an original post-conviction motion was timely filed has jurisdiction to consider a motion that seeks to reopen those proceedings to

---

Discretion" and the incomplete copy of the Abandonment Motion do not inhibit our ability to determine both points on appeal, we will allow this appeal to proceed.

[3] The Court recognizes that for a judgment to be final (and thus appealable), three elements must usually be present: "a writing, signed by the judge, and denominated as a judgment." *Watson v. State*, 545 S.W.3d 909, 911 (Mo. App. W.D. 2018). However, we held in *Watson* that a docket entry which is "neither signed by a judge nor denominated a judgment" is nevertheless "a final judgment for purposes appeal" in the context of post-conviction relief motions. *Id*. at 913.

address claims of abandonment." *Hammack v. State*, 130 S.W.3d 721, 722 (Mo. App. E.D. 2004). *See also Vogl v. State*, 437 S.W.3d 218, 230 (Mo. banc 2014) (reversing dismissal of post-conviction abandonment motion and remanding for further proceedings, where the circuit court had, years earlier, dismissed the original post-conviction motion as having been untimely filed). "The time limits in Rule 29.15 amount to restrictions on 'authority,' not 'jurisdiction.'" *Williams*, 415 S.W.3d at 767 n.2. "Whether a claim of abandonment is valid does not control the motion court's jurisdiction. It is not the result that determines jurisdiction, but the right of the court to consider the matter." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008). *See also Middleton v. State*, 350 S.W.3d 489, 492 n.3 (Mo. App. W.D. 2011). A circuit court commits reversible error when it dismisses a post-conviction motion alleging abandonment for lack of jurisdiction. *Hammack*, 130 S.W.3d at 722; *see also Dudley*, 254 S.W.3d at 112.

In his first point relied on, Washington-Bey argues that the circuit court erred when it ruled that it did not have jurisdiction to rule on his Abandonment Motion.[4] In his Abandonment Motion, Washington-Bey alleged that he was abandoned as a result of the circuit court's 2005 order, which dismissed his Post-Conviction Motion without appointing him counsel. The circuit court had jurisdiction to consider Washington-Bey's claim of abandonment. Point I is granted. By holding that the circuit court had jurisdiction to address Washington-Bey's claim of

---

[4] The Court notes that Washington-Bey's appeal is technically deficient. His points relied on are not set forth substantially in the form mandated by Rule 84.04(d) (2018). Additionally, Washington-Bey's argument does not include the applicable standards of review for his claims of error as required by Rule 84.04(e) (2018). "Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal." *Lueker v. Missouri W. State Univ.*, 241 S.W.3d 865, 867 (Mo. App. W.D. 2008). "Occasionally, we review non-compliant briefs from pro se appellants ex gratia" provided the "abandoned claim . . . is readily understandable." *Tavacoli v. Division of Employment Sec.*, 261 S.W.3d 708, 710-11 (Mo. App. W.D. 2008). Because we find that Washington-Bey's points are readily understandable and because "[a]n appellate court prefers to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief," *Lueker*, 241 S.W.3d at 867, we gratuitously review both of Washington-Bey's points.

abandonment, we express no opinion as to whether his allegations are meritorious.[5]

In his second point relied on, Washington-Bey argues that the circuit court erred when, on November 3, 2005, it dismissed his *pro se* Post-Conviction Motion without appointing him counsel. If he wished to appeal the circuit court's November 3, 2005, dismissal order, he was required to do so within 10 days after that judgment became final or, for good cause shown, within 12 months after it became final. Rule 30.03.

Washington-Bey attempts to resist the imposition of these mandatory time limits by arguing that "[i]t [would] be unreasonable to hold [him] . . . responsible for not appealing the motion court's error, which requires the knowledge and skill of a competent lawyer." However, this Court has held that circumstances which may sometimes excuse an untimely post-conviction motion (such as abandonment by post-conviction counsel or active interference by a third party) do not apply to an untimely notice of appeal. *Fuller v. State,* 485 S.W.3d 768, 772–73 (Mo. App. W.D. 2016). "'One year is sufficient time for a movant to discover that' a notice to appeal has not been timely filed 'within the required 10–day period' and to seek relief pursuant to Rule 30.03." *Id.* at 773 (quoting *Gehrke v. State*, 280 S.W.3d 54, 58 (Mo. banc 2009)).

---

[5] We also note that Washington-Bey makes reference in his brief to an abandonment motion he filed in 2017, Circuit Court Case No. 17BA-CV02902. Washington-Bey alleges the 2017 action was dismissed by the court *before* he filed the Abandonment Motion appealed herein (which was correctly filed in his original post-conviction Case No. 05BA-CV04353). Washington-Bey did not include anything in the record on appeal with respect to the 2017 motion. The State did not seek to supplement the record and did not address the 2017 motion in its brief. On occasion we may take judicial notice of documents in the underlying circuit court file. *See Branch v. State,* 531 S.W.3d 621, 623 (Mo. App. E.D. 2017). In this instance, we do take notice of the entire Abandonment Motion filed by Washington-Bey in the underlying matter on January 3, 2018, as it also makes reference to the motion filed in Court Case No. 17BA-CV02902 in 2017. It therefore remains to be determined by the circuit court whether the Abandonment Motion is successive. S*ee Johnson v. State*, 470 S.W.3d 1, 5 (Mo. App. W.D. 2015) (the circuit court is without authority to entertain a successive post-conviction motion alleging abandonment).

Washington-Bey's notice of appeal herein was filed on February 13, 2018, and is therefore untimely to the extent it seeks to appeal the circuit court's order of November 3, 2005.[6] Point II of the appeal is denied.

### *Conclusion*

The January 25, 2018, judgment and order of the circuit court is reversed. All other claims on appeal are denied. The case is remanded for further proceedings consistent with this opinion.

/s/ *Thomas N. Chapman*

Thomas N. Chapman, Judge

All concur.

---

[6] Washington-Bey's Notice of Appeal herein includes the aforementioned docket entry of January 25, 2018, and makes no reference to the order of November 3, 2005. Respondent made no objection to addressing the second point in this appeal. We have therefore addressed Washington-Bey's effort to appeal the November 3, 2005, order.