

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JAMES ALFRED GRIFFIN, IV., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD86811 |
| | ) | |
| STATE OF MISSOURI, | ) | Opinion filed: April 22, 2025 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
THE HONORABLE ALISHA D. O'HARA, JUDGE**

Special Division: W. Douglas Thomson, Presiding Judge,
Thomas N. Chapman, Judge and Zel Fischer, Judge

James Alfred Griffin, IV ("Griffin") appeals the motion court's denial of his Amended Motion to Vacate, Set Aside, or Correct Judgment, filed pursuant to Rule 24.035 ("Rule 24.035 motion"). In one Point on Appeal, Griffin argues the motion court erred by denying his Rule 24.035 motion without issuing the required findings of fact and conclusions of law on Claim 8/9(a) in violation of Rule 24.035(j).[1] We vacate and remand with instructions.

---

[1] Missouri Supreme Court Rule 24.035(m) establishes a schedule for movants to determine the version of Rule 24.035 that governs their motion for post-conviction relief. It states: "If sentence was pronounced prior to January 1, 2018, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 2017, whichever is earlier." Griffin's sentence was pronounced

## Factual and Procedural Background

Griffin pled guilty to the class A felony of robbery in the first degree on November 20, 2013. On the same day, Griffin was sentenced to twenty years in the Missouri Department of Corrections to run concurrently with the federal sentence he was actively serving. On February 14, 2018, Griffin was delivered to the custody of the Missouri Department of Corrections ("DOC") upon completing his federal sentence. On August 2, 2018, Griffin, acting *pro se*, timely filed his 24.035 motion. An attorney was appointed to represent Griffin, who timely filed an amended 24.035 motion. In his Claim 8/9(a), Griffin alleged he was provided ineffective assistance of counsel when counsel "advised [him] that he would be finished with his sentence 7 years after the completion of his federal sentence, a release timeframe impossible under the 85% service requirement for Robbery in the First Degree." An evidentiary hearing was conducted on August 21, 2023 wherein

---

on November 20, 2013, and Griffin's Rule 24.035 motion was filed on August 2, 2018. Therefore, the version of Rule 24.035 in effect on December 31, 2017 governed Griffin's postconviction relief proceedings and will govern this appeal. Accordingly, all rule references are to *Missouri Court Rules, Volume I -- State, 2017* unless otherwise indicated. *See Bonds v. State*, 608 S.W.3d 788, 789 n.1 (Mo. App. E.D. 2020) ("All rule citations are to the Missouri Supreme Court Rules (2017), which was the version of the Movant's *pro se* motion for post-conviction relief.").

On December 31, 2017, 24.035(b) provided, in pertinent part, as follows: "If no appeal of such judgment or sentence was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."

Griffin was delivered to the Missouri Department of Corrections on February 14, 2018, such that his deadline to file his motion under Rule 24.035(b) was 180 days later (August 13, 2018). Griffin filed his *pro se* 24.035 motion via Missouri Form 40 on August 2, 2018. The motion was therefore timely filed.

substantial evidence was presented to support Griffin's allegations as well as that of the State.

Specific to the appeal here, on September 5, 2023, the motion court made a docket entry which simply stated "Movant's Motion DENIED. AO." No findings of fact or conclusions of law were made as part of the September 5 docket entry. On September 6, 2023, Griffin filed a Motion to Amend Judgment, asking the motion court to "amend its judgment to include findings of fact and conclusions of law on his Rule 24.035 amended motion." No action was taken with respect to this motion. Ultimately, on December 5, 2023, the 90th day following the filing of his motion to amend, Griffin filed his Notice of Appeal in this matter.

On February 7, 2024, the motion court made an entry in the court's file explaining that due to an oversight in the clerk's office, the court did not receive notice of Griffin's September 6, 2023 Motion to Amend Judgment. The motion court subsequently made an additional entry stating: "[a]lthough beyond 90 days, and not timely [ ] Motion to Amend GRANTED." The next day, the trial court again entered its Order denying Griffin's Rule 24.035 motion which this time included findings of fact and conclusions of law.

**Standard of Review**

Our review of the denial of a Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. We will not deem the motion court's findings and conclusions clearly erroneous unless we are left with the definite and firm impression that a mistake has been made. The movant bears the burden of demonstrating clear error.

*Heller v. State*, 554 S.W.3d 464, 468 (Mo. App. W.D. 2018) (quoting *Wallar v. State*, 403 S.W.3d 698, 705 (Mo. App. W.D. 2013)) (internal quotations and citations omitted). "This Court presumes that the findings and conclusions of the motion court are correct." *Fields v. State*, 642 S.W.3d 774, 776 (Mo. App. W.D. 2022) (citing *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)). "Our limited . . . review in this case allows us only to determine whether the motion court's decision was clearly erroneous *based on* its findings of fact and conclusions of law." *Fields*, 642 S.W.3d at 777-78 (citing Rule 24.035(k)) (emphasis added).

## Analysis

Griffin's single Point on Appeal alleges that the motion court clearly erred in denying his amended Rule 24.035 motion when it failed to include findings of fact and conclusions of law on Claim 8/9(a).

Rule 24.035(j) provides that whether or not a hearing is held, the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "Written findings and conclusions are required because appellate review of a motion court's disposition of a post-conviction motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous." *Davis v. State*, 673 S.W.3d 482, 486 (Mo. App. W.D. 2023) (quoting *Watson v. State*, 545 S.W.3d 909, 913 (Mo. App. W.D. 2018)). Rule 78.07(c)'s preservation of error requirement must also be met to preserve an appeal from the disposition of a Rule 24.035 motion for failing to issue findings and conclusions in a post-conviction relief case. *See Watson*, 545 S.W.3d at 913

4

("[E]rror occasioned by a motion court's failure to issue findings and conclusions must be preserved by filing a Rule 78.07(c) motion to amend the motion court's judgment."). Here, Griffin filed his motion to amend judgment on September 6, 2023, and thereby preserved his claim of error for appeal.

As an initial matter, the parties disagree as to when the trial court rendered its decision from which an appeal could be had. Griffin contends that the motion court's September 5, 2023 docket entry was a final judgment while the State contends that the motion court's judgment did not become final until it issued its findings of fact and conclusions of law in its signed judgment on February 8, 2024. Griffin relies on Rule 24.035(k) while the State's argument is guided by Rule 74.01(a). Accordingly, a brief review of the interplay between these two rules would be helpful.

Rule 74.01(a) provides that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." In contrast, Rule 24.035(k) provides that "[a]n *order* sustaining or overruling a motion filed under the provisions of this Rule 24.035 shall be deemed a final judgment for purposes of appeal by the movant or the state." (emphasis added). While these two rules appear to be in conflict, Rule 24.035(a) provides that "[t]he procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure *insofar as applicable*." (emphasis added). This Court has held that Rule 24.035(a)'s "insofar as applicable" language resolves the apparent conflict, such that "an appeal can be taken from an order denying a Rule 24.035 . . . motion

even though the order is not denominated a 'judgment.'" *Johnson v. State*, 470 S.W.3d 1, 4 (Mo. App. W.D. 2015). In reliance upon the same 24.035(a) language, this Court has also stated "that Rule 74.01(a)'s signature requirement does not apply to orders denying Rule 24.035 . . . motions." *Watson v. State*, 545 S.W.3d at 913; *see also Clunie v. State*, 581 S.W.3d 733, 734 n.2 (Mo. App. W.D. 2019); *Washington-Bey v. State*, 568 S.W.3d 909, 912 n.3 (Mo. App. W.D. 2019).[2] Based on Rule 24.035(k)'s criteria for final judgments under the post-conviction rules as determined in *Johnson* and *Watson*, the docket entry filed September 6, 2023 was a final judgment for purposes of appeal.

Related to the State's argument that the judgment was not final until the trial court's findings and conclusions were entered on February 8, 2024 is the State's contention that Griffin has "abandoned any claim on appeal that Plea Counsel was ineffective because [Griffin] did not address the merits of this claim in his brief." In essence, the State claims that because judgment was final when the motion court entered its findings and conclusions and thus such findings and conclusions existed, and because Griffin makes no claims on appeal disputing any portion of

---

[2] The State directs us to *Scott v. State*, 180 S.W.3d 519 (Mo. App. W.D. 2006), where this Court held that a docket entry overruling the appellant's 24.035 motion was not a final judgment for the purposes of appeal because "the docket entry is not signed by the motion judge," as required by Rule 74.01(a). The *Scott* Court, however, failed to address Rule 24.035(a)'s provision that post-conviction proceedings under Rule 24.035 are governed by the rules of civil procedure *insofar as applicable*. (emphasis added). Rather, the *Scott* Court relied solely on the strict requirements set forth in Rule 74.01(a) without regard for the more specific procedure for Rule 24.035 outlined in Rule 24.035(k). With that in mind, we find Griffin's argument in this regard more compelling. We further note *Scott* has been cited only a handful of times since being handed down, and has not been cited at all after *Johnson* and *Watson* were decided.

said judgment, Griffin has abandoned all such claims. This, of course, necessarily requires that we agree with the State's argument that the judgment was rendered on February 8, 2024, which we do not for the reasons stated in the preceding paragraph. Accordingly, this argument by the State must fail.

Turning to the issue at hand, here the trial court's ruling consisted of a September 5, 2023 docket entry which stated, "Movant's Motion DENIED. AO" and did not contain findings of fact and conclusions of law. Griffin filed his Motion to Amend Judgment, rightly seeking to amend the judgment by the inclusion of findings of fact and conclusions of law. This satisfied his preservation requirement set forth in Rule 78.07(c). *See Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012) (movant's claim of error was not preserved for appeal when movant failed to comply with Rule 78.07(c); movant did not file a motion to amend its judgment); *Mercer v. State*, 512 S.W.3d 748, 753 (Mo. banc 2017) (holding that "[i]f a post-conviction movant does not challenge the lack of findings [by filing a Rule 78.07(c) motion to amend the judgment], the appropriate course of action is to dismiss that" claim of error on appeal). This motion was not acted upon by the motion court, and ninety days thereafter Griffin filed his notice of appeal.[3]

---

[3] Griffin's motion to amend the judgment is an authorized after-trial motion pursuant to Rule 75.01. A judgment becomes final for appeal purposes ninety days "from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled." Rule 81.05 (a)(2)(A). Here, Griffin filed his motion to amend judgment on September 6, 2023. The 90th day after this filing was December 5, 2023, the date upon which Griffin filed his notice of appeal. Thus, his notice of appeal was filed prematurely. However, when a "notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for

Findings of fact and conclusions of law are required and "shall issue" in Rule 24.035 motions, pursuant to Rule 24.035(j). This is "required because appellate review of a motion court's disposition of a post-conviction motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous." *Davis*, 673 S.W.3d at 486 (quoting *Watson*, 545 S.W.3d at 913). Here, they are absent *in toto*. Given the lack of findings and conclusions in contravention of Rule 24.035(j), this court is unable to conduct any meaningful appellate review. Accordingly, Griffin's Point on Appeal is granted.[4]

We recognize that, on February 8, 2024, the circuit court purported to enter an amended judgment containing the findings of fact and conclusions of law which were missing from its September 5, 2023 docket entry. Unfortunately, the court entered this amended judgment after losing jurisdiction of the case. Under Rule 81.05(a)(2)(A), "[t]he judgment becomes final for purpose of appeal on the 90th

---

purpose of appeal." Rule 81.05(b). We therefore consider Griffin's notice of appeal timely filed.

[4] While we have determined that the motion court has clearly erred, "case law has recognized five circumstances under which . . . deficient findings and/or conclusions do not require reversal." *Davis*, 673 S.W.3d at 489 (quoting *Watson*, 545 S.W.3d at 915 n.7). Those are:

> (1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings; (3) where the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) there were issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) the motion was insufficient.

*Davis*, 673 S.W.3d at 489 (quoting *Watson*, 545 S.W.3d at 915 n.7). No party has asserted that any of these circumstances exist here, nor do we find them applicable to the case at hand.

8

day, at which time the court is divested of jurisdiction and loses its authority over the judgment. An amended judgment entered after the expiration of the 90-day period is a nullity." *Barbieri v. Barbieri*, 633 S.W.3d 419, 426 (Mo. App. E.D. 2021) (citing *Hanna v. Hanna*, 446 S.W.3d 753, 755 (Mo. App. W.D. 2014)). Understandably, Griffin did not address the court's belated findings and conclusions in his appellate arguments, and we cannot base our review on an amended judgment the circuit court had no power to enter.

## Conclusion

We vacate the motion court's judgment denying Griffin's Rule 24.035 motion and remand with instructions for the motion court to issue findings of fact and conclusions of law as required by Rule 24.035(j).

_____
W. DOUGLAS THOMSON, JUDGE

All concur.