**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Robin THOMSON,**
**Defendant/Appellant.**

**No. ED 84524.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 28, 2004.

Thomas J. Keedy, Unionville, MO, for appellant.

Hugh S. Summers, Kahoka, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Robin Thomson (Defendant) appeals from the trial court's judgment of conviction for third degree domestic assault pursuant to section 558.016.8, RSMo Supp. 2004. Defendant's notice of appeal is untimely, the appeal is dismissed.

The State charged Defendant with third degree domestic assault, a misdemeanor under section 558.016.8. On October 20, 2003, a jury returned a verdict of guilty, which was accepted by the trial court. The court deferred sentencing until March 4, 2004. On that date, the court sentenced Defendant to six months in the Clark County Jail, but suspended execution of the sentence and placed him on probation for two years. Subsequently, on April 2, 2004, Defendant filed a motion for new trial, which the trial court denied as untimely. Defendant filed a notice of appeal to this Court on May 5, 2004.

This Court has a duty to determine its jurisdiction *sua sponte. State v. Bain*, 982 S.W.2d 706, 707 (Mo.App. E.D.1998). Under Rule 30.01(d), a notice of appeal in a criminal case is due no later than ten days after the judgment becomes final. A judgment is "final" in a criminal case when the sentence is entered. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). Here, the trial court sentenced Defendant on March 4, 2004. Therefore, his notice of appeal was due on Monday, March 15, 2004. Rule 30.10(d); Rule 20.01(a). Defendant filed his notice of appeal on May 5, 2004, well outside the time limits of Rule 30.01(d).

Defendant filed an untimely motion for new trial after he was sentenced. Rule 29.11 provides that motion for new trial must be filed within 15 days after the return of the verdict. *State v. Brock*, 113 S.W.3d 227, 234 (Mo.App. E.D.2003). Here, Defendant filed his motion for new

trial after his sentencing and after the trial court had lost jurisdiction over his case. This untimely motion did not extend the time for filing a notice of appeal.[1]

We issued an order directing Defendant to show cause why his appeal should not be dismissed. Defendant filed a response indicating he had no good cause and conceding the appeal should be dismissed.

Appeal dismissed.

LAWRENCE G. CRAHAN, J. and GLENN A. NORTON, J., concur.

1. In a civil case, the motion for new trial is filed after the judgment is entered and could extend the time for filing a notice of appeal.

Rules 81.04(a) & 81.05(a). However, these rules do not apply in a criminal case.