Rodney TWITTY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94405.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 12, 2010.

Rodney Twitty, Bonne Terre, MO, pro se.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Rodney Twitty (Twitty) filed a Rule 24.035[1] motion for post-conviction relief, claiming that he received ineffective assistance of plea counsel when he entered an Alford plea to multiple counts of robbery in the first degree, armed criminal action, robbery in the second degree, and burglary in the first degree. This court affirmed the motion court's denial of Twitty's motion for post conviction relief. *Twitty v. State*, 298 S.W.3d 594 (Mo.App. E.D.2009). Twitty seeks to reopen his post-conviction proceeding by alleging that his post-conviction counsel failed to raise certain grounds for relief in his Rule 24.035 motion, and therefore abandoned him. We dismiss Twitty's appeal for failure to file a timely Notice of Appeal as required by the rules of appellate procedure.

## Factual and Procedural Background

Twitty entered an Alford plea of guilty, in the Circuit Court of the City of St. Louis, to two counts of robbery in the first degree, one count of armed criminal action, three counts of robbery in the second degree, and one count of burglary in the first degree. On November 16, 2007, Twitty appeared for sentencing and was sen-tenced to a total of seventeen years in prison.

Twitty filed a Rule 24.035 motion for post-conviction relief on January 2, 2008. After an evidentiary hearing, the circuit court denied his motion. Twitty then appealed to this Court. On December 8, 2009, we issued an order and memorandum affirming the trial court's denial of Twitty's Rule 24.035 motion for post-conviction relief. *Twitty v. State*, 298 S.W.3d 594 (Mo.App. E.D.2009). This Court's mandate issued on Janaury 5, 2010.

On January 5, 2010, Twitty filed a "Motion Requesting Sua Sponte into Abandonment by Attorney [Post–Conviction Counsel] Concerning 24.035 Motion to Vacate[,] Set Aside or Correct Judgment and Sentence." In this motion, Twitty sought to reopen his post-conviction motion on grounds that Post–Conviction Counsel "abandoned" him by failing to raise certain claims in Twitty's amended motion for post-conviction relief. On January 6, 2010, the circuit court entered its judgment denying Twitty's motion. Twitty filed a notice of appeal to this Court on February 18, 2010.

## Discussion

Post-conviction motions filed pursuant to Rule 24.035 are governed by the rules of civil procedure "insofar as applicable." Rule 24.035(a); *Cook v. State*, 156 S.W.3d 418 (Mo.App. E.D.2005). Normally, a notice of appeal must be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a); *State v. Arnold*, 230 S.W.3d 353, 354 (Mo. App. E.D.2007). A judgment becomes final thirty days after its entry, if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). When computing any time prescribed under the Rules of Civil Proce-ed.

---

1. All rule citations are to Missouri Rules of Civil Procedure (2010), unless otherwise not-

dure, the day of the judgment is not included, but the last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day. Rule 44.01(a).

■ The Missouri Supreme Court has found that the burden placed on a movant to ascertain whether a proper notice of appeal is timely filed is not an unreasonable one. *Gehrke v. State,* 280 S.W.3d 54, 58 (Mo. banc 2009). The time limits for filing a notice of appeal are mandatory. *State v. Thomson,* 144 S.W.3d 892 (Mo. App. E.D.2004). If a notice of appeal is untimely filed, the appellate court may dismiss the matter. *State v. Curtis,* 171 S.W.3d 763 (Mo.App. E.D.2005).

■ Here, Twitty appeals from the judgment entered on January 6, 2010. The judgment became final thirty days later, on February 5, 2010. Rule 81.05(a)(1). Twitty had ten days after February 5, 2010, to file a notice of appeal to contest that judgment. Ten days from February 5, 2010, was February 15, 2010, which was President's Day, a legal holiday. Therefore, pursuant to Rule 44.01(a), Twitty had until the following day, February 16, 2010, to file his notice of appeal. Twitty filed his notice of appeal on February 18, 2010, two days beyond the deadline. Although Rule 30.03 allows a party to seek leave to file a notice of appeal out of time, Twitty did not file any such request. Because Twitty's notice of appeal was untimely filed, we dismiss his appeal.

*Conclusion*

The appeal is dismissed.

ROBERT G. DOWD, JR., and NANNETTE A. BAKER, JJ., Concur.