

# In the
# Missouri Court of Appeals
# Western District

GEORGE FULLER,               )
                             )
            Appellant,       )    WD78098
                             )
v.                           )    OPINION FILED: January 26, 2016
                             )
STATE OF MISSOURI,           )
                             )
            Respondent.      )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Joel P. Fahnestock, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and
Karen King Mitchell, Judge

George L. Fuller ("Fuller") appeals from the motion court's denial of his Rule 29.15 motion to re-open proceedings based on an allegation of abandonment by postconviction counsel.  Fuller asserts that the motion court erred in denying the motion as an unauthorized successive motion without addressing the merits of the motion.  We dismiss Fuller's appeal as untimely.

## Factual and Procedural History

Fuller was convicted following a jury trial on May 1, 1991, of one count of murder in the first degree, one count of assault in the first degree, and two counts of armed

criminal action. Fuller was sentenced on June 28, 1991, to life imprisonment without the possibility of probation or parole on the murder charge, life imprisonment on the assault charge, and thirty years, respectively, on the two counts of armed criminal action, with all sentences to be served concurrently. This Court affirmed Fuller's conviction on direct appeal. *State v. Fuller*, 837 S.W.2d 304 (Mo. App. W.D. 1992).

On June 9, 1993, Fuller filed a *pro se* motion for leave to file a Rule 29.15 motion out of time as well as a *pro se* Rule 29.15 motion. Fuller's *pro se* motion for leave to file a Rule 29.15 motion out of time was denied on July 2, 1993. Fuller then filed a series of motions to recall the mandate with this Court. Each motion alleged ineffective assistance of appellate counsel. We denied each motion.

On August 14, 2009, Fuller filed a motion to re-open his Rule 29.15 proceedings based on allegations that the untimely filing of his Rule 29.15 motion was attributable to postconviction counsel's abandonment and fraud. His motion was denied by the motion court on its merits on April 28, 2010. Fuller was granted leave by this court to file an appeal out of time. We thereafter affirmed the motion court in a per curium order. *Fuller v. State*, 361 S.W.3d 22 (Mo. App. W.D. 2011).

On April 21, 2014, Fuller filed a second motion to re-open his Rule 29.15 proceedings which again alleged abandonment and fraud. On July 2, 2014, the motion court entered an order denying the motion as an unauthorized successive motion pursuant to Rule 29.15(l).

Fuller filed a motion asking the motion court to reconsider its order on September 15, 2014, more than thirty days after entry of the order. The motion court denied the motion to reconsider on October 29, 2014.

On September 15, 2014, the circuit clerk file stamped in a pleading from Fuller entitled "Notice of Appeal." The Notice of Appeal was not accompanied by a filing fee or a motion to proceed *in forma pauperis*.[1] The circuit clerk did not treat the pleading as a perfected notice of appeal. Instead, the docket sheet reflects that the clerk of the circuit court "mailed a correct form notice of appeal and information form supplement sheet to" Fuller on the same date. On October 2, 2014, Fuller filed a motion to proceed *in forma pauperis*. On October 29, 2014, Fuller filed a notice of appeal on the form provided by the circuit court.

Fuller appeals.

**Analysis**

In his two points on appeal, Fuller argues: (1) that the trial court erred when it denied his motion to re-open his Rule 29.15 proceedings as an unauthorized successive motion; and (2) that the late filing of his notice of appeal was due to circumstances beyond his control rather than his own culpable negligence. Fuller's second point on appeal does not claim error by the motion court but is instead Fuller's attempt to pre-empt dismissal of his appeal as untimely.

A motion to re-open a Rule 29.15 proceeding is deemed by our Supreme Court to be an inappropriate characterization that should instead be framed as a "motion for post-

---

[1]*See* Rule 81.04(e) and (f).

3

conviction relief due to abandonment." *Eastburn v. State*, 400 S.W.3d 770, 775 (Mo. banc 2013). We view Fuller's motion accordingly. A motion for post-conviction relief due to abandonment is treated as a post-conviction motion under Rule 29.15. *Sittner v. State*, 405 S.W.3d 635, 637 (Mo. App. E.D. 2013) (holding that a motion to re-open post-conviction proceedings "is actually a motion for post-conviction relief due to abandonment filed under Rule 29.15"). Pursuant to Rule 29.15(a), "motions filed pursuant to . . . Rule 29.15 [are] governed by the rules of civil procedure insofar as applicable." Thus, insofar as applicable, the rules of civil procedure relating to the timely filing of a notice of appeal apply to motions for post-conviction relief due to abandonment under Rule 29.15.

The timely filing of a notice of appeal is jurisdictional. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011). "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Id.* (quotation omitted). Normally, a notice of appeal must be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). A judgment becomes final thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). *See Eastburn*, 400 S.W.3d at 773 (observing that under Rule 75.01, a trial court retains authority over "a Rule 29.15 proceeding for 30 days after a judgment is entered because its judgment is not yet final").

The motion court's order denying Fuller's motion for post-conviction relief due to abandonment under Rule 29.15 was entered on July 2, 2014. Orders disposing of post-conviction motions need not be denominated as "judgments" in order to be eligible for

4

appeal. *Johnson v. State*, 470 S.W.3d 1, 3-4 (Mo. App. W.D. 2015) (citing *Sittner*, 405 S.W.3d at 636). The motion court's order became final for purposes of appeal on August 1, 2014, thirty days after its entry. Rule 75.01; Rule 44.01(a); Rule 81.05(a)(1); *Brown v. State*, 289 S.W.3d 792, 793 (Mo. App. S.D. 2009). Though Fuller filed a motion for reconsideration on September 15, 2014, the motion was not a timely filed after-trial motion. Rule 78.04. In fact, by the time the motion for reconsideration was filed, the trial court's order had already become final for purposes of appeal. Rule 75.01; Rule 81.05(a)(1). Fuller thus had ten days from August 1, 2014, or until August 11, 2014, to file a notice of appeal. Rule 81.04(a). Neither Fuller's September 15, 2014 pleading entitled "Notice of Appeal," nor Fuller's October 29, 2014 notice of appeal on the form provided by the circuit clerk, were filed by this deadline. Fuller's notice of appeal was not timely.

Rule 30.03 provides that:

> Where the defendant . . . has the right of appeal *including appeals from an order in a post-conviction proceeding involving a prior felony conviction*, but notice of appeal is not filed with the clerk of the court within ten days after the judgment becomes final, the defendant . . . may file a notice of appeal in the trial court if, within twelve months after the judgment becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave.
>
> Such special order may be made by the appellate court, in its discretion, for good cause shown.

(Emphasis added.) Although Rule 30 generally addresses the right of appeal in *criminal* proceedings, and although Rule 29.15(a) plainly instructs that post-conviction motions are *civil* proceedings to which the rules of civil procedure apply "insofar as applicable,"

5

the plain language of Rule 30.03 applies to "post-conviction proceedings involving a prior felony conviction." Thus, Rule 30.03's twelve month window to seek a special order permitting the late filing of a notice of appeal applies to Rule 29.15 post-conviction motions instead of the six month window applicable to civil proceedings as provided in Rule 81.07(a). *See Gehrke v. State*, 280 S.W.3d 54, 58 (Mo. banc 2009) ("Rule 30.03 permits a [post-conviction] movant, for good cause shown, to file a late notice of appeal within 12 months after judgment becomes final, if the movant receives leave of court to file out of time.").

Fuller did not file a formal motion seeking a special order pursuant to Rule 30.03. "In the absence of any request to this court for a special order to appeal under Rule 30.03, . . . the untimeliness of the filing of [a] notice of appeal is a jurisdictional defect." *McAnulty v. State*, 755 S.W.2d 24, 24 (Mo. App. S.D. 1988) (citing *Goldberg v. Mos*, 631 S.W.2d 342, 345 (Mo. 1982)). This court "may not enlarge the period for . . . taking an appeal as provided by" the Rule 30.03.[2] Rule 20.01(b).

Fuller does discuss Rule 81.07 in addressing point two in his Brief. Fuller also referenced Rule 81.07 in an earlier pleading submitted to the clerk of this court in response to an inquiry about the timeliness of his appeal. Even if we construe these

---

[2]Again, though a Rule 29.15 post-conviction motion is a civil proceeding according to Rule 29.15(a), post-conviction proceedings are nonetheless subject to Rule 30.03. Since Rule 30.03 addresses the time for taking an appeal, Rule 20.01(b) applies to remove our discretion to enlarge the time to late file an appeal in a post-conviction proceeding. The corollary to Rule 20.01(b) in the rules of civil procedure would lead to the same result. *See* Rule 44.01(b); *State v. Carter*, 202 S.W.3d 700, 706 (Mo. App. W.D. 2006) (holding in a taxpayer suit that discretion to permit a late filed appeal "can only be exercised if a motion for the same is filed within six months from the date of final judgment") (quotation omitted).

references to qualify as a motion seeking a special order pursuant to Rule 30.03,[3] the motion would be denied.

Fuller claims that the U.S. Postal Service interfered with a Priority Mail envelope he sent from prison to the circuit court on July 9, 2014. He claims that the pleading he had denominated as "Notice of Appeal" was inside the envelope and that due to "circumstances beyond his control," the envelope arrived on July 15, 2014. That pleading bears a file stamp of September 15, 2014, although the certificate of service is dated July 9, 2014. Inexplicably, Fuller's motion for reconsideration also bears a file stamp of September 15, 2014, though its certificate of service is dated July 21, 2014. We are not persuaded that the date noted by Fuller on the certificate of service on the pleading denominated as a "Notice of Appeal" is accurate.

Even were we to conclude that the pleading denominated "Notice of Appeal" was, in fact, received by the circuit court on July 15, 2014, the pleading was not accompanied by a filing fee or a motion to proceed *in forma pauperis*. The pleading thus failed to perfect Fuller's appeal--a point Fuller does not contest. *Johnson v. Purkett*, 217 S.W.3d 341, 343 (Mo. App. E.D. 2007) (holding that circuit clerk is not authorized to accept or file a notice of appeal unless it is accompanied by the docket fee or by an order allowing the defendant to proceed *in forma pauperis*) (citing Rule 81.04(c)). At the very earliest, therefore, Fuller's appeal would have been perfected on October 2, 2014 when he filed his *in forma pauperis* motion. Fuller offers no excuse or explanation for his initial failure

---

[3]Fuller's pleading addressing the timeliness of his appeal was filed with this court on February 17, 2015, and his Brief was filed on May 22, 2015, both within twelve months of August 11, 2014--the date Fuller's notice of appeal should have been filed pursuant to the operation of Rule 75.01 and Rule 81.04(a).

to include an *in forma pauperis* motion with the pleading denominated "Notice of Appeal" that he purportedly mailed on July 9, 2014. Thus, even presuming treatment of Fuller's Brief or earlier pleading filed with this court as a request for a special order pursuant to Rule 30.03, Fuller has not established good cause for such relief.

Fuller nonetheless claims that his appeal is timely because "'[i]n very rare circumstances . . . our courts have found [that] an improper filing, caused by circumstances beyond the control of the movant, justifie[s] a late receipt of the motion[.]'" *Moore v. State*, 328 S.W.3d 700, 703 (Mo. banc 2010) (quoting *McFadden v. State*, 256 S.W.3d 103, 108 (Mo. banc 2008)). *See also Price v. State,* 422 S.W.3d 292, 301 (Mo. banc 2014).

These authorities do not aid Fuller. They apply to excuse, in rare circumstances, untimely filed post-conviction motions. Fuller cites to no authority expanding the application of cases like *McFadden*, *Moore* and *Price* to untimely filed notices of appeal. Nor is there any reason to do so. Rule 30.03 already operates to excuse late filed notices of appeal based upon equitable considerations, similar to the equitable relief afforded post-conviction motions by judicial construct in *McFadden*, *Moore* and *Price*. "One year is sufficient time for a movant to discover that" a notice to appeal has not been timely filed "within the required 10--day period" and to seek relief pursuant to Rule 30.03. *Gehrke*, 280 S.W.3d at 58. *McFadden*, *Moore* and *Price* do not afford an additional opportunity over and above Rule 30.03 to excuse his untimely notice of appeal. The "burden placed on a movant to ascertain whether a proper notice of appeal is filed timely [] is not an unreasonable burden." *Id.*

8

Fuller's notice of appeal was untimely filed. We lack jurisdiction to entertain this appeal and it must be dismissed. *Spicer*, 336 S.W.3d at 471.

## Conclusion

Fuller's appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur