In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

LAMONT CAMPBELL, ) No. ED108624
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
 vs. ) 1922-CC10779
 )
STATE OF MISSOURI, ) Honorable Timothy J. Boyer
 )
 Respondent. ) Filed: May 18, 2021

 Lamont Campbell (“Appellant”) appeals the judgment dismissing his Rule 29.151 motion

for post-conviction relief as untimely filed. Because Appellant has failed to file a timely notice

of appeal and has failed to request this Court for a special order to file a notice of appeal out of

time under Rule 30.03,2 we dismiss Appellant’s appeal.

 I. BACKGROUND

 After a jury trial, Appellant was found guilty of first-degree murder (Count I) and armed

criminal action (Count II). The trial court entered a judgment in accordance with the jury’s

verdicts. The court sentenced Appellant to life imprisonment with eligibility for parole for

Count I and to twenty years of imprisonment for Count II, with the sentences to run concurrently.

1
 All references to Rule 29.15 are to the version of Missouri Supreme Court Rule 29.15 effective from January 1,
2018 to the present.
2
 All references to Rule 30.03 are to the version of Missouri Supreme Court Rule 30.03 effective from January 1,
1980 to the present. Rule 30.03, which is set out in full in Section II. of this opinion, allows a defendant or the state
having the right of appeal to seek leave to file a notice of appeal out of time within twelve months after a judgment
becomes final. See Rule 30.03.
 This Court affirmed Appellant’s convictions and sentences on direct appeal in State v.

Campbell, 558 S.W.3d 554, 556-64 (Mo. App. E.D. 2018). The mandate was issued on

September 13, 2018. Thus, Missouri Supreme Court Rule 29.15(b) required Appellant to file his

motion for post-conviction relief by December 12, 2018.3 More than six months later, on July 1,

2019, Appellant filed his Rule 29.15 motion for post-conviction relief.4

 Appellant’s Rule 29.15 motion did not allege any facts showing the untimely filing

should be excused. Appellant’s motion also included a completed forma pauperis affidavit

containing Appellant’s notarized signature. The motion court did not subsequently appoint post-

conviction counsel for Appellant. On August 6, 2019, the motion court entered a judgment

dismissing Appellant’s Rule 29.15 motion as untimely filed.

 Thereafter, Appellant filed a pro se notice of appeal on December 27, 2019. Appellant’s

notice of appeal was accompanied by a motion for leave to proceed in forma pauperis.

 On January 21, 2020, the Clerk’s Office of this Court advised Appellant by letter that his

notice of appeal “was not complete.” The letter specifically advised Appellant the Missouri

Supreme Court had adopted new forms that were effective January 1, 2017, and the letter

directed Appellant to “[p]lease fill out the [n]ew [n]otice of [a]ppeal [f]orms and [r]eturn to this

office by February 5, 2020.” On February 3, 2020, Appellant, acting pro se, filed the correct

notice of appeal forms with Clerk’s Office of this Court. An attorney with the Missouri State

3
 Missouri Supreme Court Rule 29.15(b) provides that if a movant, like Appellant, files a direct appeal and an
appellate court affirms his convictions and sentences, his motion for post-conviction relief “shall be filed within 90
days after the date the mandate of the appellate court issues . . ..” In this case, 90 days from September 13, 2018
was Wednesday, December 12, 2018.
4
 On November 26, 2018, the Circuit Clerk’s Office for the Circuit Court of the City of St. Louis (“Circuit Clerk’s
Office”) file stamped a pro se pleading from Appellant dated November 20, 2018. In this pleading, Appellant
requested “a time extension to submit [his] Form 40/29[.]15 [motion] due to the fact” Appellant was allegedly “in
the hole (administrative segregation)” and did not “have access to [his] legal documents/Form 40/29[.]15
paperwork” since November 10, 2018; Appellant alleged he had “requested the prison staff to give” him his legal
paperwork but that “they [had] refused”; and Appellant asked for the Circuit Clerk’s Office to mail him a blank
Form 40 “just in case [he] need[ed] to fill it out and file it again.” Subsequently, Appellant sent his Rule 29.15
motion to the Circuit Court of the City of St. Louis, and the motion was filed stamped by the Circuit Clerk’s Office
on July 1, 2019.
 2
Public Defender’s Office entered her appearance for Appellant on July 13, 2020. Oral argument

and submission of this appeal followed.

 II. DISCUSSION

 Post-conviction motions filed pursuant to Rule 29.15 are “governed by the [Missouri

Supreme Court] [Rules of [C]ivil [P]rocedure insofar as applicable.” Rule 29.15(a). Generally,

a notice of appeal must be filed “not later than ten days after the judgment . . . becomes final.”

See Rule 81.04(a);5 see also section 512.050 RSMo 2016; Twitty v. State, 322 S.W.3d 608, 609

(Mo. App. E.D. 2010); but see Rule 30.03 (allowing a defendant or the State having the right of

appeal to seek leave to file a notice of appeal out of time within twelve months after a judgment

becomes final). “A judgment becomes final at the expiration of thirty days after its entry if no

timely authorized after-trial motion is filed.” Rule 81.05(a)(1);6 see also Twitty, 322 S.W.3d at

609. When computing any time prescribed under the Missouri Supreme Court Rules of Civil

Procedure, the day of the judgment is not included, but “[t]he last day of the period so computed

is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period

runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.” Rule

44.01(a);7 see also Twitty, 322 S.W.3d at 609-10.

 “The Missouri Supreme Court has found that the burden placed on a movant to ascertain

whether a proper notice of appeal is timely filed is not an unreasonable one.” Twitty, 322

S.W.3d at 610 (citing Gehrke v. State, 280 S.W.3d 54, 58 (Mo. banc 2009)). “The time limits for

filing a notice of appeal are mandatory.” Twitty, 322 S.W.3d at 610. Accordingly, if a notice of

appeal is untimely filed, our Court may dismiss the appeal. Id.

5
 All references to Rule 81.04 are to the version of Missouri Supreme Court Rule 81.04 effective from January 1,
2017 to the present.
6
 All references to Rule 81.05 are to the version of Missouri Supreme Court Rule 81.05 effective from January 1,
2000 to the present.
7
 All references to Rule 44.01 are to the version of Missouri Supreme Court Rule 44.01 effective from July 1, 2013
to the present.

 3
 Rule 30.03 allows a defendant or the State having the right of appeal to seek leave to file

a notice of appeal out of time within twelve months after a judgment becomes final. See Rule

30.03. The Rule, titled “Notice of Appeal Filed Out of Time – Special Order of Appellate

Court,” specifically provides in full that:

 Where the defendant or the state has the right of appeal including appeals from an
 order in a post-conviction proceeding involving a prior felony conviction, but
 notice of appeal is not filed with the clerk of the trial court within ten days after
 the judgment becomes final, the defendant or the state may file a notice of appeal
 in the trial court if, within twelve months after the judgment becomes final, a
 motion for leave to file such notice is filed in the appropriate appellate court and
 it thereafter sustains the motion and grants such leave.

 Such special order may be made by the appellate court, in its discretion, for good
 cause shown. The order shall specify the time within which the notice of appeal is
 to be filed in the trial court.

Id. (emphasis added).

 “In the absence of any request to [an appellate] court for a special order to appeal under

Rule 30.03, the untimeliness of the filing of a notice of appeal is a jurisdictional defect.” Fuller

v. State, 485 S.W.3d 768, 771 (Mo. App. W.D. 2016) ((quoting McAnulty v. State, 755 S.W.2d

24, 24 (Mo. App. S.D. 1988) (citing Goldberg v. Mos, 631 S.W.2d 342, 345 (Mo. 1982)).

Moreover, “[an appellate court] ‘may not enlarge the period for taking an appeal as provided by’

Rule 30.03.” Fuller, 485 S.W.3d at 771 (quoting Missouri Supreme Court Rule 20.01(b)).8

 In this case, Appellant appeals from a judgment entered on August 6, 2019. The

judgment became final thirty days later, on September 5, 2019. See Rule 81.05(a)(1); see also

Twitty, 322 S.W.3d at 609. Because ten days from when the judgment became final on

September 5, 2019 fell on Sunday, September 15, 2019, Appellant was required to file his notice

of appeal by Monday, September 16, 2019. See Rule 81.04(a); Rule 44.01(a); see also section

512.050 RSMo 2016; Twitty, 322 S.W.3d at 609. However, Appellant did not file a notice of
8
 All references to Rule 20.01 are to the version of Missouri Supreme Court Rule 20.01 effective from January 1,
1980 to the present.

 4
appeal until December 27, 2019, more than three months after the deadline. Although Rule

30.03 allowed Appellant to seek leave to file a notice of appeal out of time, Appellant did not file

any such request. See Rule 30.03.

 Because Appellant’s notice of appeal was untimely filed and because Appellant has failed

to request this Court for a special order to file a notice of appeal out of time under Rule 30.03,

we dismiss his appeal.9 See Fuller, 485 S.W.3d at 771; Twitty, 322 S.W.3d at 610 (dismissing an

appeal under similar circumstances); see also McAnulty, 755 S.W.2d at 24 (citing Goldberg, 631

S.W.2d at 345); Rule 20.01(b).

 III. CONCLUSION

 Based on the foregoing, Appellant’s appeal is dismissed.

 ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Kelly C. Broniec, J., concur.

9
 Appellant argues “[our] Court has jurisdiction to hear this appeal, because on January 21, 2020, it granted
[Appellant] . . . until February 5, 2020, to file a corrected notice of appeal and accepted his late notice of appeal on
February 3, 2020. This ruling and filing were made less than 5 months after the notice of appeal was originally due
to be filed on September 16, 2019, within the prescribed time [of within twelve months after the judgment became
final] for filing a notice of appeal in Rule 30.03.” Because Appellant has failed to cite any controlling legal
authority to support this conclusory argument, and because we can find no such legal authority, we find it has no
merit. We also find Appellant’s argument has no merit because, (1) the plain language of Rule 30.03 requires, inter
alia, an appellant to file a motion for leave in the appropriate appellate court in order for the Rule to be invoked; and
(2) it is undisputed Appellant did not file any such motion with our Court during the pendency of this appeal. See
Rule 30.03 (providing in full that: “Where the defendant or the state has the right of appeal including appeals from
an order in a post-conviction proceeding involving a prior felony conviction, but notice of appeal is not filed with
the clerk of the trial court within ten days after the judgment becomes final, the defendant or the state may file a
notice of appeal in the trial court if, within twelve months after the judgment becomes final, a motion for leave to file
such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave.
Such special order may be made by the appellate court, in its discretion, for good cause shown. The order shall
specify the time within which the notice of appeal is to be filed in the trial court.”) (emphasis added).
 5